STATE of Tennessee, Appellee,

v.

Robert McCLINTOCK,
Defendant-Appellant.

Supreme Court of Tennessee,
at Nashville.

April 27, 1987.

Paul J. Morrow, Jr., Nashville, for defendant-appellant.

Deborah S. Swettenam, Tennessee Ass'n of Criminal Defense Lawyers, Dickson, for amicus curiae.

W.J. Michael Cody, Atty. Gen. and Reporter, Albert L. Partee, III, Asst. Atty. Gen., Paul DeWitt, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

DROWOTA, Justice.

This case is before the Court to resolve significant questions concerning the proper procedure for determining the validity of a facially sufficient conviction under T.C.A. § 55-10-401, *et seq.* (DUI), when such a conviction is used to enhance punishment on subsequent DUI convictions. Defendant, Robert McClintock, voluntarily entered a plea of guilty to DUI; his sentence was enhanced by the trial court under T.C.A. § 55-10-403 on the basis of a prior DUI conviction.

I.

A.

Defendant was indicted by the Davidson County Grand Jury on October 18, 1984, for violation of T.C.A. § 55-10-401; the indictment alleged that Defendant had one prior conviction under this statute on August 27, 1982 (the first conviction), and sought enhancement of the sentence as a second offender under T.C.A. § 55-10-403. On February 8, 1985, Defendant was arraigned and entered a plea of not guilty. Subsequently, counsel for Defendant filed a Motion to Dismiss Enhancement of Punishment in Indictment on March 19, 1985, contending that Defendant had not been represented by counsel when he entered his guilty plea to the first offense on August

27, 1982. Defendant averred that he had not validly waived his right to counsel at his hearing on the first offense and that the record of his plea was silent as to the validity of the waiver in General Sessions Court of Davidson County. A hearing on this Motion was held on April 4, 1985, at which the General Sessions Judge testified as to his procedure in accepting guilty pleas in that court. An order denying Defendant's Motion was entered by the trial court on May 30, 1985, accompanied by the trial judge's Memorandum Opinion, in which he found the Defendant was improperly attempting to invalidate his first conviction by an unauthorized collateral attack. On June 6, 1985, a sentencing hearing was held at which Defendant made an offer of proof concerning the circumstances of his plea on his first conviction. The trial court, fully affording Defendant his Constitutional rights and in compliance with the Rules of Criminal Procedure and with this Court's opinion in *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977), accepted Defendant's plea of guilty and sentenced him as a second DUI offender (the second conviction), imposing a fine of $500, plus costs, and ordering that Defendant be confined for eleven months, twenty-nine days, all but 45 days suspended, with probation for the remainder of the sentence. Defendant was also prohibited from driving for two years and required to undergo an alcohol abuse treatment program. Defendant filed his Notice of Appeal on June 18, 1985.

On appeal as of right, the Court of Criminal Appeals noted that in the trial court's Final Order the Defendant's right to appeal from a conviction on his plea of guilty was not properly preserved under Rule 37(b)(2), T.R.Cr.P. Nevertheless, the Court of Criminal Appeals considered the merits of Defendant's contentions, finding that the first conviction was facially valid and thus Defendant could not assert a collateral attack on that conviction. The appellate court below stated that the appropriate procedure to challenge the prior conviction in this case was through the Post-Conviction Procedure Act. The Defendant's conviction and sentence were affirmed. A Petition to Rehear was filed and denied. Defendant then filed a timely Application for Permission to Appeal, which was granted

by this Court. We now affirm the decision of the Court of Criminal Appeals.

**B.**

Permission to Appeal has been granted because the problem presented by this case is arising repeatedly. Several panels of the Court of Criminal Appeals have handed down conflicting opinions regarding the procedure by which a defendant in these circumstances may attack a prior conviction when the State seeks to use it to enhance punishment under the recidivist provision of T.C.A. § 55-10-403. This case is thus clearly appropriate for our review.

Although Defendant may not have properly preserved his right to appeal under Rule 37(b)(2), T.R.Cr.P., this Court has the authority to waive the requirements of the rules under Rule 2, T.R.A.P. *See G.F. Plunk Construction Co., Inc. v. Barrett Properties, Inc.*, 640 S.W.2d 215, 216 (Tenn.1982). Considering the number of cases in a similar posture, we have decided to suspend the requirements of the rules on our own motion. Timeliness of the appeal is not at issue. Rule 2, T.R.A.P. Regardless, while we are waiving the requirements of the rules to take jurisdiction in this case, we do not decide the merits of Defendant's claim that he failed to waive validly his right to counsel at his first conviction and decide this case solely to clarify the procedure by which a person may attack a prior, facially valid conviction that is or may be used to enhance punishment under T.C.A. § 55-10-403.

The record of Defendant's first conviction in General Sessions Court consists of the arrest warrant. On the warrant, several written waivers appear, all signed by Defendant, including a waiver of his right to counsel. No irregularities appear on the face of the warrant. The document records the judgment of conviction and is properly executed with all necessary signatures. The General Sessions Court had jurisdiction over the subject matter and over the person of Defendant. T.C.A. § 40-1-109(a) provides in part:

"In addition to the jurisdiction in criminal cases as conferred in §§ 16-15-401, 16-15-501, the court of general sessions is hereby vested with jurisdiction to try and

determine and render *final judgment* in all misdemeanor cases brought before said court by warrant or information wherein the person charged with such misdemeanor enters a plea of guilty in writing or requests a trial upon the merits and expressly waives an indictment, presentment, grand jury investigation and jury trial, such waiver to be in writing as provided in Rule 5 of the Rules of Criminal Procedure." (Emphasis added)

The judgment of conviction upon Defendant's plea of guilty was duly entered and maintained in General Sessions Court pursuant to T.C.A. §§ 16–15–402, 16–15–405, Rules 32(e) and 55, T.R.Cr.P. Defendant did not seek any appeal from his first conviction and the judgment thus became final; he paid his fine and otherwise fully satisfied the judgment. Nothing on the face of the record of the first conviction invalidates this unreversed final judgment of the General Sessions Court of Davidson County.

## II.

### A.

From the outset we recognize that General Sessions Courts are not ordinarily considered courts of record. *See, e.g., State v. Willoughby,* 594 S.W.2d 388, 391 (Tenn. 1980); *see also 9 Tennessee Practice,* Criminal Practice and Procedure, § 7.1, at 199. The Legislature has vested jurisdiction in misdemeanor cases in General Sessions Courts. T.C.A. § 40–1–109. These courts have the authority to enter and effectuate judgments in such cases. T.C.A. § 40–1–110. Although the record of Defendant's first conviction consists only of the warrant upon which the judgment was entered, like any judgment, a presumption of regularity in the proceedings attaches upon becoming final. T.C.A. § 19–1–117, codified in Title 19, "Civil Procedure in General Sessions Court," explicitly provides:

"Every intendment is in favor of the sufficiency and validity of proceedings before general sessions courts, when brought in question, either directly or collaterally, in any of the courts, where it appears on the face of the proceedings that the general sessions court had jurisdiction of the subject matter and of the parties."

This rule is not different for a criminal case in General Sessions Court. "There must be a finality to all litigation, criminal as well as civil.... Defendants to criminal prosecutions, like parties to civil suits, should be bound by the judgments therein entered." *Arthur v. State,* 483 S.W.2d 95, 97 (Tenn. 1972). The law is clear regarding the finality of an unappealed judgment. An unreversed judgment of General Sessions Court is as final as a judgment rendered in a court of record. "If the losing party chooses to accept [the] determination without appeal, it is as final and binding as if affirmed by the highest appellate court." *Brown v. State,* 489 S.W.2d 268, 270 (Tenn. Cr.App.1972), *cert. denied* (Tenn.1973). To hold otherwise would obviously undermine the legislative intent of the statutes creating the General Sessions Courts and vesting them with concurrent jurisdiction in certain classes of cases, including DUI offenses. The determinative question for this appeal is, thus, where and how the presumption of regularity that attaches to facially sufficient, final judgments can be rebutted by a collateral attack.

Defendant contends that he is not making a collateral attack on this judgment but rather is raising as a defense a limitation on the use of a prior judgment. He argues that because General Sessions is not a court of record, the record is inadequate to support the conclusion that Defendant made a valid waiver of his right to counsel. Defendant urges this Court to distinguish between a collateral attack and an attempt to limit the use of a prior conviction to enhance the sentence upon a subsequent conviction.

This argument cannot be accepted for several reasons. Primarily, to recognize this distinction would erode the efficacy of T.C.A. § 55–10–403 in many cases. Many first offenses for DUI are disposed of in General Sessions Courts. If the judgments of these courts are not afforded the same effect as judgments of other courts, then many defendants could avoid the intended effect of prior convictions for enhancement purposes by repeatedly pleading guilty in General Sessions Courts but raising the

defense that no prior convictions in such a court could be used to enhance the punishment for subsequent offenses.

Moreover, Defendant's attempted limitation on the use of a prior conviction is more than merely the assertion of a defense; its very purpose is to impeach the validity of the prior judgment without having subjected the judgment to an appeal, and thus it constitutes a collateral attack. *See Turner v. Bell*, 198 Tenn. 232, 241, 279 S.W.2d 71, 75 (1955). "The overturning of the respective judgments is a necessary prerequisite to the procuring of that relief. This is, therefore, a collateral attack...." *Bomar v. State ex rel. Stewart*, 201 Tenn. 480, 483, 300 S.W.2d 885, 887 (1957). As the Court of Criminal Appeals has observed in another context, "[i]ndescribable chaos in the administration of criminal justice surely would be the inevitable consequence of ... permitting convicted persons to raise repeatedly and without limitation questions previously and finally adjudicated adversely to [them]." *Long v. State*, 510 S.W.2d 83, 87 (Tenn.Cr.App.), *cert. denied* (Tenn. 1974). *See also Brown v. State, supra*, at 270. Furthermore,

" '[a]lthough the record supporting a judgment may carry the seeds of infirmity that prove fatal to the judgment when exposed upon a direct attack or in a habeas corpus [or post-conviction] proceeding, it cannot be said that any and all persons may ignore the judgment before it is pronounced invalid or void by the proper authority.... There are proper methods and competent tribunals to accomplish the destruction of judgments, but a collateral attack in a proceeding such as this is not one of them.' "

*Everhart v. State*, 563 S.W.2d 795, 798 (Tenn.Cr.App.), *cert. denied* (Tenn.1978) (citation omitted).

The rule has been firmly established in Tennessee that a facially valid, unreversed judgment in a court with jurisdiction over the subject matter and the person cannot be collaterally attacked in a subsequent proceeding except by the authorized routes of attack. *See, e.g., Turner v. Bell, supra*, 198 Tenn. at 241–243, 279 S.W.2d at 75–76;

*Giles v. State ex rel. Giles*, 191 Tenn. 538, 545, 235 S.W.2d 24, 28 (1950); *State v. Evans*, 669 S.W.2d 708, 712 (Tenn.Cr.App.), *perm. to app. denied* (Tenn.1984); *Everhart v. State, supra*, at 798; *Ellison v. State*, 549 S.W.2d 691, 694 (Tenn.Cr.App. 1976), *cert. denied* (Tenn.1977). The fact that General Sessions Court is not generally considered a court of record does not mean that its facially valid judgments will not be afforded finality for all legitimate purposes until those judgments are reversed or vacated by the proper authority. "In the present case, as previously pointed out, the warrants show on their face that the courts had jurisdiction of the subject matter and the parties, and ... we must indulge every intendment in favor of the validity of the judgments." *Smith v. Leedy*, 42 Tenn.App. 117, 123, 299 S.W.2d 29, 31 (1956), *cert. denied* (Tenn.1957). *See also Murff v. State*, 221 Tenn. 111, 119–120, 425 S.W.2d 286, 288 (1967).

**B.**

The authorized routes by which a judgment in a criminal case may be attacked are generally (1) by post-trial motions under Rules 33, 34, 35, or 36, T.R.Cr.P., (2) by direct appeal to the proper appellate court, or (3) by the Post-Conviction Procedure Act, T.C.A. §§ 40–30–101, *et seq.* If a person has entered a plea of guilty under Rule 11, T.R.Cr.P., then a motion for a new trial cannot be made, but the right to appeal may be preserved pursuant to Rule 37(b)(2), T.R.Cr.P. Failing to preserve an appeal from a plea of guilty generally forecloses any direct attack upon such a plea, *State v. Jennette*, 706 S.W.2d 614, 616 (Tenn.1986), and *Patterson v. State*, 684 S.W.2d 110, 111 (Tenn.Cr.App.1984), but if the errors of which a defendant is complaining are of Constitutional dimensions, post-conviction proceedings are available. T.C.A. § 40–30–105 states that "[r]elief under this chapter shall be granted when the conviction or sentence is void or voidable because of the abridgement in anyway of any right guaranteed by the constitution of this state or the Constitution of the United States...." A post-conviction proceeding is clearly a collateral attack upon the judg-

ment. *Goodner v. State,* 484 S.W.2d 364, 365 (Tenn.Cr.App.), *cert. denied* (Tenn. 1972).

Among the purposes served by providing a forum for a good-faith collateral attack upon an otherwise facially valid judgment are the protection of the finality and integrity of judgments, the provision of an orderly and uniform route by which final judgments may be attacked without creating disorder in the conduct of trials or other proceedings in which such judgments may be used, and the ventilation and vindication of claims of deprivation of Constitutional rights in the procuring of such final judgments. Post-conviction relief is not a forum to review errors of law as a substitute for direct appeal. *See Arthur v. State, supra,* at 96. Nor does a post-conviction proceeding permit the petitioner to relitigate claims of error raised and determined previously. T.C.A. §§ 40-30-111; 40-30-112. *See Parton v. State,* 483 S.W.2d 753, 755 (Tenn.Cr.App.), *cert. denied* (Tenn.1972). In short, the State's interest in "the orderly administration of justice in collateral attacks on convictions," *Luttrell v. State,* 644 S.W.2d 408, 409 (Tenn.Cr.App.1982), is served by limiting the routes for a collateral attack. Defendant contends that judicial efficiency would be served by permitting such attacks at the proceeding at which the challenged conviction is used, but Tennessee courts have repeatedly held that "there is no authority in this state to support the appellant's contention that a [proceeding] should be interrupted in order to allow a collateral attack upon a prior trial with a hearing to determine all of the constitutional questions that might be raised concerning the prior trial." *Ellison v. State, supra,* at 694. *See also, e.g., Everhart v. State, supra,* at 798; *Monroe v. State,* 569 S.W.2d 860, 861 (Tenn.Cr.App.), *cert. denied* (Tenn.1978).

In addition, in Tennessee, the Post-Conviction Procedure Act has been liberally construed to permit collateral review of an allegedly unconstitutional conviction, whether or not the post-conviction petitioner is in fact in custody, if such petitioner is still suffering under a direct or concomitant disability due to the conviction. In *State v. McCraw,* 551 S.W.2d 692, 694 (Tenn.1977), this Court held that "the mere serving of a sentence did not prevent a collateral attack on the conviction" because such a conviction may "be used as a basis for infliction of greater punishment on petitioner as a multiple offender.... '[A] criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction.'" (Citation omitted.) *See also Monroe v. State, supra,* at 861; *Ellison v. State, supra,* at 694; *Holt v. State,* 489 S.W.2d 845, 847 (Tenn.Cr.App.1972), *cert. denied* (Tenn. 1973); *Parton v. State, supra,* at 755; *Daugherty v. State,* 4 Tenn.Cr.App. 355, 356, 470 S.W.2d 865, 866, *cert. denied* (Tenn.1971).

Consequently, the rule is that unless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment. The authorized route for attacking a facially valid, final judgment of conviction is by the Post-Conviction Procedure Act. An evidentiary hearing can be afforded in that forum and not at the proceeding in which such prior conviction is used. Once invalidated, the enhancement value of the conviction is also nullified, exposing the enhanced sentence on the subsequent conviction to collateral attack as well. Nevertheless, the present proceeding in the case *sub judice,* a direct appeal of Defendant's most recent conviction, is not the forum in which Defendant's Constitutional claims may be raised because nothing on the face of the record "discloses any want of authority to pronounce that judgment. Hence, collateral attack [is] not permissible." *Bomar v. State ex rel. Stewart, supra,* 201 Tenn. at 485, 300 S.W.2d at 887–888. The courts below correctly ruled that Defendant's attempt to limit the effect of his first conviction is a collateral attack on a final judgment.

### C.

Nothing in this opinion changes the substantive law concerning the right to coun-

sel. This is a procedural decision. We emphasize the necessity and duty of *all* courts exercising original criminal jurisdiction to comply with the express and exacting requirements of the Rules of Criminal Procedure and the dictates of *State v. Mackey, supra.* In particular, General Sessions Courts are required by the Rules of Criminal Procedure to preserve a sufficient record of their proceedings in criminal cases to permit effective review.

Furthermore, T.C.A. § 8–14–107 explicitly prohibits entry of a guilty plea unless the right to counsel has been waived and the waiver reduced to writing. *See also* Rules 5 and 44, T.R.Cr.P. Every court is required to make adequate personal inquiry of defendants to assure the validity of all necessary waivers. This is not only required by the Constitutions of this State and the United States but is imposed upon courts by numerous statutory provisions and rules of procedure. *See, e.g.,* T.C.A. §§ 8–14–106, 40–14–102, 40–14–103, 40–14–202; Rules 5, 11, and 44, T.R.Cr.P. Not only does Rule 1, T.R.Cr.P., distinctly enumerate when those rules govern procedures in General Sessions Courts and impose the requirements of the rules on those courts as rigorously as on other courts exercising criminal jurisdiction, but Rule 54(a), T.R.Cr.P., reiterates that "[t]hese rules apply to all criminal proceedings in all courts of record.... They shall apply in General Sessions Courts ... to the extent specified in Rule 1 or when the context clearly so indicates...." Rule 54(b)(3) defines the term "magistrate" as primarily referring to judges of General Sessions Courts, and Rule 5, T.R.Cr.P., expressly controls the initial appearance of a defendant before magistrates. Moreover, *State v. Mackey, supra,* applies to *any* court accepting a guilty plea. *En masse* arraignments are not permitted for any offense to which the right to counsel would attach under *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), and cannot be tolerated under the strictures of *Mackey,* which requires that each defendant be addressed personally. We recognize that these procedures take time, but less judicial time will be used in the long run than would be used if these procedures are not followed and the resulting convictions are tested in post-conviction proceedings with the distinct possibility of invalidation of such judgments due to Constitutional inadequacies.

We need not restate the clear Constitutional requirements surrounding criminal proceedings; however, any court accepting a plea of guilty must make it clear to the defendant that the resulting judgment of conviction may be used in a subsequent proceeding to enhance the punishment for subsequent offenses. When advising the defendant of the right to counsel, the court should emphasize that one of the advantages to having counsel is the effective preservation of the right to appeal. *Cf.* Rule 37, T.R.Cr.P. The taking of criminal pleas cannot be reduced to a rote administrative proceeding.

In this context, discussion of Defendant's reliance on *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) (*Per curiam*), is appropriate. We have considered this authority carefully and find it readily distinguishable. In that case the record affirmatively revealed that the defendant had neither been represented by counsel nor waived his right to counsel. 100 S.Ct. at 1585. Such a conviction is void on its face for the purposes of recidivist provisions upon subsequent convictions. As Justice Marshall stated in his concurring opinion:

> "An uncounseled conviction does not become more reliable merely because the accused has been validly convicted of a subsequent offense. For this reason, a conviction which is invalid for purposes of imposing a sentence of imprisonment for the offense itself remains invalid for purposes of increasing a term of imprisonment for a subsequent conviction under a repeat-offender statute."

100 S.Ct. at 1588. Such is not the situation in this case. Defendant's written waiver of counsel appears on the face of the record. If this facially valid conviction is to be voided, the procedure available for such an action is through the Post-Conviction Procedure Act. *Cf. State v. O'Brien,* 666 S.W.2d 484 (Tenn.Cr.App.1984).

The Supreme Court of the United States has itself previously recognized "that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity." *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 1025, 82 L.Ed. 1461 (1938). The face of this record does not show any denial of Defendant's Constitutional right to counsel and we are not presuming the validity of a waiver from a silent record; the record is not silent. As long as the State provides a forum by which Defendant's Constitutional claims may be fairly raised and determined, the State will not be foreclosed from recognizing the enhancing effect of a facially sufficient judgment upon a subsequent conviction until the prior conviction is invalidated by the proper route. As Justice Brennan wrote in his concurring opinion in *Case v. Nebraska*, 381 U.S. 366, 344–345, 85 S.Ct. 1486, 1491–1492, 14 L.Ed.2d 422 (1965):

"Our federal system entrusts the States with primary responsibility for the administration of their criminal laws. The Fourteenth Amendment and the Supremacy Clause make requirements of fair and just procedures an integral part of those laws, and state procedures should ideally include adequate administration of these guarantees as well. If, by effective processes, the States assumed this burden, the exhaustion [of State remedies] requirement [for Federal Habeas Corpus] would clearly promote state primacy in the implementation of these guarantees."

We believe that this opinion does just that; it clarifies the appropriate procedure by which an otherwise valid judgment may be challenged on Constitutional grounds if no direct attack has been made upon it previously.

### III.

Having concluded that the presumption of regularity that attaches to a facially valid, final judgment cannot be collaterally rebutted except through the limited procedures for such an attack, we now turn to the Defendant's sentence. Defendant, rep-resented by counsel, voluntarily pled guilty to the offense of DUI. A prior conviction for the same offense exists and the indictment properly sought enhancement of the sentence on the subsequent conviction. Consequently, Defendant must serve the sentence imposed by the trial court; however, nothing in this opinion prevents Defendant from filing petitions for post-conviction relief. His claim that he did not validly waive his right to counsel at his first conviction has not been resolved in this decision.

If Defendant files a petition for post-conviction relief to challenge the judgment of the first conviction and is successful, a second petition could be filed to challenge the sentence on the second conviction. Judicial economy will be served by permitting these petitions to be filed, consolidated and heard in the same court at the same time. Although T.C.A. § 40–30–103(a) requires that a post-conviction petition be filed "with the clerk of the court where the conviction occurred," T.C.A. § 40–30–116 requires that all evidentiary hearings shall be of record, and thus such petitions may not be filed in General Sessions Courts. Such petitions must be filed in a court of record having jurisdiction to hear such causes in the county in which the challenged conviction was entered.

Accordingly, the judgment of the Court of Criminal Appeals is affirmed. This Court does not stay Defendant's sentence. Defendant may take all steps necessary to challenge his convictions under the Post-Conviction Procedure Act. The costs of this appeal are divided equally between the State and Defendant. This decision is to be applied through the pipeline approach, that is, to the litigants at bar, to all actions pending on the date this decision is announced, and to all causes of action arising subsequently.

BROCK, C.J., HARBISON and FONES, JJ., and GREER, Special Justice, concur.