**Harold Vernon SMITH, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 7, 1988.

Harold Vernon Smith, pro se.

W.J. Michael Cody, Atty. Gen. and Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, Doug Godbee Asst. Dist. Atty. Gen., Rogersville, for appellee.

## OPINION

WADE, Judge.

The petitioner, previously sentenced to life as an habitual criminal, appeals as of right from the trial court's dismissal of his petition for post-conviction relief without an evidentiary hearing.

The petitioner, pro se, presents the following issues for review:

1. Whether the trial court erred in finding the petitioner had filed his petition more than three years after the date of the final action of the highest appellate court to which an appeal was taken.

2. Whether the trial court erred in finding that the grounds alleged had been previously determined or waived.

The judgment of the trial court is affirmed.

An appropriate disposition of this matter requires a summary of the salient facts:

1. The petitioner was convicted of five counts of armed robbery as an habitual criminal on June 15, 1981, and sentenced to life imprisonment.

2. The convictions were affirmed by this court on June 11, 1982, 639 S.W.2d 677 (1982).

3. Permission to appeal was denied by the Tennessee Supreme Court on September 7, 1982.

4. A petition for post-conviction relief was denied at an evidentiary hearing on October 24, 1986.

5. This court affirmed that denial in an opinion dated June 25, 1987.

6. On September 8, 1987, the Supreme Court denied the petitioner's application for permission to appeal.

7. On August 26, 1987, the present petition for post-conviction relief was filed.

8. The trial court dismissed the petition on September 15, 1987.

The trial court denied an evidentiary hearing on the basis that the petition was barred by the applicable statute of limitations (T.C.A. § 40–30–102); it ruled that the alleged grounds for relief had either been "previously determined" or "waived."

## I

■ As to the first issue, this court has previously held that the limitation period begins to run when the final action of the highest state appellate court falls on a date after July 1, 1986, the effective date of T.C.A. § 40–30–102. Otherwise, the time begins to accrue on the effective date of the statute:

When petitioners may petition for post conviction relief.—A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an

appeal is taken or consideration of such petition shall be barred.

Chapter 634, Public Acts of 1986.

In *Abston v. State*, 749 S.W.2d 487 (Tenn.Crim.App.1988), this court held that the requirements of reasonable notice have a "constitutional origin in Tennessee case law. It appears to be required by the guaranty of due process and the prohibition on retrospective laws." *Id.* at 488.

In deference to the judgment of the trial court on this issue, this court observes that the *Abston* opinion was filed after the entry of the judgment in this case. In any event, the petition is not barred by T.C.A. § 40–30–102.

## II

The trial court also held that the petition presented no grounds which had not been "previously determined" or "waived."

T.C.A. § 40–30–112 provides as follows: When ground for relief is "previously determined" or "waived."—(a) A ground for relief is "previously determined" if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.

(b)(1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.

(2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

The gravamen of the complaint filed by the petitioner is that the life sentence imposed upon him as an habitual criminal was void; the petition asserts that four of the six prior felony convictions used to establish his status were obtained upon guilty pleas entered at hearings in which he was not advised in open court of his constitutional right against self-incrimination. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

While the state concedes that the claim of the petitioner does not appear to have been previously determined or waived within the meaning of T.C.A. § 40–30–112, it contends that the dismissal without an evidentiary hearing was proper because the petitioner may not collaterally attack the facially valid guilty plea judgments in this forum. The state suggests that the petitioner must attack the prior guilty plea judgments in post-conviction proceedings particularly directed at those judgments rather than challenge the validity of the habitual criminal determination.

By this concession, the state acknowledges that while post-conviction relief may not be predicated on grounds that have been previously determined or waived by a failure to assert, this rule does not apply to a defense "which did not exist and could not have not been asserted by the most diligent counsel at the time of the hearing." *Pruett v. State*, 501 S.W.2d 807, 809 (Tenn. 1973). In this instance, the petitioner asserts, in effect, a new rule of law recognizing a post-conviction relief petition as an appropriate means to challenge the validity of convictions based on guilty pleas. *See Rounsaville v. Evatt*, 733 S.W.2d 506 (Tenn.1987). In *Rounsaville*, our Supreme Court reaffirmed its insistence that, prior to the acceptance of guilty pleas, trial courts must provide the requisite, mandatory warnings provided in *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977).

█ In any event, it is apparent from the record that the petitioner seeks to challenge the validity of the habitual criminal determination by collateral attack:

> [T]he presumption of regularity that attaches to a facially valid, final judgment cannot be collaterally rebutted except through the limited procedures for such an attack.

*State v. McClintock*, 732 S.W.2d 268, 274 (1987).

In *McClintock*, the Supreme Court announced the applicable rule:

> [U]nless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment.

The authorized route for attacking a facially valid, final judgment of conviction is by the Post Conviction Procedure Act. An evidentiary hearing can be afforded in that forum and not at the proceeding in which such prior conviction is used. Once invalidated, the enhancement value of the conviction is also nullified, exposing the enhanced sentence on the subsequent conviction to collateral attack as well.

*Id.,* at 272.

The rule in *McClintock* is readily adaptable to the circumstances in the case *sub judice.* A more appropriate post-conviction petition would have addressed the convictions which trigger the application of the habitual criminal statute. A collateral attack upon the petitioner's status of habitual criminality is impermissible.[1]

The judgment of the trial court is affirmed.

JONES, J., and RICHARD R. FORD, Special Judge, concur.

---

1. The petition for post-conviction relief alleges that the offenses triggering the application of T.C.A. § 39–1–801 took place in several different counties in this state. The convictions in Hawkins County ultimately resulting in the finding of habitual criminality were not based upon pleas of guilt.