**STATE of Tennessee, Appellee,**

v.

**Paul E. STREET, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 24, 1989.

Permission to Appeal Denied by Supreme Court May 8, 1989.

Michael V. Thompson, Nashville, for appellant, Paul E. Street.

W.J. Michael Cody, Atty. Gen. & Reporter, Albert L. Partee, III, James F. Walsh, Jr., Asst. Attys. Gen., Nashville, for appellee.

OPINION

REID, Judge.

This case presents an appeal as of right from an order of the Criminal Court of Davidson County denying, after an evidentiary hearing, a post-conviction petition which attacks 18 pleas of guilty charged as predicate offenses in a pending prosecution for habitual criminal.

The petition charges the pleas of guilty entered in five felony convictions in the State of Kentucky and in 13 felony convictions in the Criminal Courts of Davidson County were not voluntarily and knowingly entered because Appellant was not advised by the courts accepting the pleas that the convictions might be used to enhance punishment imposed in any future prosecution.

This issue has been resolved contrary to Appellant's insistence. *State v. Evans*, 669 S.W.2d 708 (Tenn.Crim.App.1984).

Appellant relies upon *State v. McClintock*, 732 S.W.2d 268 (Tenn.1987), in which the Supreme Court set forth the procedure to be followed in determining the validity of a facially sufficient conviction. *McClintock* did not promulgate any new constitutional right. The court specifically held, "This is a procedural decision." *McClintock* recognized that, pursuant to T.C.A. § 40–30–105, only constitutionally protected rights may be asserted on post-conviction proceeding. Consequently, *McClintock* does not support Appellant's contention in this case.

In addition, the procedure for attacking convictions based on constitutionally invalid pleas set forth in *McClintock* was not followed in this case.

The judgment denying the petition is affirmed.

JONES, J., and ALLEN R. CORNELIUS, Jr., Special Judge, concur.