IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1997 SESSION


FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MORRIS R. DONEGAN, | ) | NO. 01C01-9608-CR-00354 |
| | ) | |
| Appellant | ) | SUMNER COUNTY |
| | ) | |
| V. | ) | HON. JANE WHEATCRAFT, JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee | ) | |
| | ) | |

FOR THE APPELLANT                              FOR THE APPELLEE

David A. Doyle                                 John Knox Walkup
District Public Defender                       Attorney General and Reporter
117 East Main Street                           450 James Robertson Parkway
Gallatin, Tennessee 37066                      Nashville, Tennessee 37243-0493

                                               Lisa A. Naylor
                                               Assistant Attorney General
                                               450 James Robertson Parkway
                                               Nashville, Tennessee 37243-0493

                                               Lawrence Ray Whitley
                                               District Attorney General
                                               113 West Main Street
                                               Gallatin, Tennessee 37066

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

Opinion

The Appellant, Morris R, Donegan, appeals as of right the Sumner County Criminal Court's dismissal of his petition for post-conviction relief. In 1983, the Appellant was convicted of three counts of aggravated rape and is currently serving a sixty-year sentence in the Tennessee Department of Correction. This Court affirmed the Appellant's conviction on May 8, 1984.[1] See State v. Morris R. Donegan, C.C.A. No. 84-1-III (Tenn. Crim. App., Nashville, May 8, 1984). At some point thereafter, the Appellant filed a petition for post-conviction relief which, after an evidentiary hearing, was dismissed by the trial court. This Court affirmed the trial court's dismissal in State v. Morris Radford Donegan, C.A.A. No. 85-78-III (Tenn. Crim. App., Nashville, Nov. 15, 1985) and the Tennessee Supreme Court denied the Appellant's petition for permission to appeal on March 3, 1986.

The Appellant filed this petition for post-conviction relief alleging that the jury instructions at his trial unconstitutionally defined reasonable doubt. On May 13, 1996, without an evidentiary hearing, the trial court issued an order dismissing the petition.

Pursuant to the now-repealed Post-Conviction Procedure Act, the statute of limitation applicable to the Appellant's post-conviction claims was three years.[2] Tenn. Code Ann. § 40-30-102 (repealed 1995). That three-year period began running on July 1, 1986, the effective date of the statute. The last day on which the Appellant could have filed such a petition was in July of 1989. See e.g. State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988); Smith v. State, 757 S.W.2d 683, 685 (Tenn. Crim. App. 1988); State v. Masucci, 754 S.W.2d 90, 91 (Tenn. Crim. App. 1988); Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). The Appellant's petition was filed in March of 1996, more than six years after the statute expired. Consequently, the trial court properly dismissed the Appellant's petition.

---

[1]The record does not indicate whether any further appeals were sought.

[2]Prior to the enactment of the 1986 Post-Conviction Procedure Act, no statute of limitations for post-conviction applications existed.

Any contention by the Appellant that the new Post-Conviction Procedure Act, effective May 10, 1995, provided him with a one-year window of opportunity within which to file his post-conviction petition is meritless. Similar attempts to circumvent the statute of limitations in this manner have been previously rejected by panels of this Court. See Roy Barnett v. State, C.C.A. No. 03C01-9512-CV-00394 (Tenn. Crim. App., Knoxville, Feb. 20, 1997); Stephen Koprowski v. State, C.A.A. No. 03C01-9511-CC-00365 (Tenn. Crim. App., Knoxville, Jan. 28, 1997); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289 (Tenn. Crim. App., Jackson, Dec. 2, 1996). But see Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270 (Tenn. Crim. App., Knoxville, July 11, 1996).

Accordingly, the trial court's dismissal of the Appellant's petition for post-conviction relief is affirmed.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JERRY L. SMITH, JUDGE