IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1997 SESSION

FILED

August 22, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES EDWARD HUGHES, | ) | NO. 01C01-9605-CC-00188 |
| a.k.a. LARRY WAYNE HUGHES | ) | |
| | ) | |
| Appellant | ) | RUTHERFORD COUNTY |
| | ) | |
| V. | ) | HON. J.S. DANIEL, JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee | ) | |
| | ) | |

FOR THE APPELLANT                                FOR THE APPELLEE

Cheryl J. Skidmore                                John Knox Walkup
629 East Main Street                              Attorney General and Reporter
Hendersonville, Tennessee 37075                   450 James Robertson Parkway
                                                  Nashville, Tennessee 37243-0493
    (appeal only)
                                                  Eugene J. Honea
                                                  Assistant Attorney General
                                                  450 James Robertson Parkway
                                                  Nashville, Tennessee 37243-0493

                                                  William C. Whitesell
                                                  District Attorney General
                                                  Judicial Building, third floor
                                                  Murfreesboro, Tennessee 37130

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

Opinion

The Appellant, James Edward Hughes, appeals as of right the Rutherford County Circuit Court's dismissal of his petition for post-conviction relief. On July 10, 1985, the Appellant pled guilty to robbery with the use of a deadly weapon. On December 9, 1993, the Appellant was convicted of possession of a firearm by a convicted felon in the United States District Court for the Middle District of Tennessee. The District Court used the robbery conviction to enhance the Appellant's sentence. The Appellant filed this post-conviction relief petition to overturn the Rutherford County robbery conviction in order to have his sentence in the federal penitentiary reduced. On March 21, 1996, without an evidentiary hearing, the trial court dismissed the petition, ruling that it was barred by the statute of limitations.

Pursuant to the now-repealed Post-Conviction Procedure Act, the statute of limitation applicable to the Appellant's post-conviction claims was three years.[1] Tenn. Code Ann. § 40-30-102 (repealed 1995). That three-year period began running on July 1, 1986, the effective date of the statute. The last day on which the Appellant could have filed such a petition was in July of 1989. See e.g. State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988); Smith v. State, 757 S.W.2d 683, 685 (Tenn. Crim. App. 1988); State v. Masucci, 754 S.W.2d 90, 91 (Tenn. Crim. App. 1988); Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). The Appellant's petition was filed in March of 1996, more than six years after the statute expired. Consequently, the trial court properly dismissed the Appellant's petition.

Any contention by the Appellant that the new Post-Conviction Procedure Act, effective May 10, 1995, provided him with a one-year window of opportunity within which to file his post-conviction petition is meritless. Similar attempts to circumvent the statute of limitations in this manner have been previously rejected by panels of this

---

[1]Prior to the enactment of the 1986 Post-Conviction Procedure Act, no statute of limitations for post-conviction applications existed.

2

Court.  See Roy Barnett v. State, C.C.A. No. 03C01-9512-CV-00394 (Tenn. Crim. App., Knoxville, Feb. 20, 1997); Stephen Koprowski v. State, C.A.A. No. 03C01-9511-CC-00365 (Tenn. Crim. App., Knoxville, Jan. 28, 1997); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289 (Tenn. Crim. App., Jackson, Dec. 2, 1996). But see Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270 (Tenn. Crim. App., Knoxville, July 11, 1996).

Accordingly, the trial court's dismissal of the Appellant's petition for post-conviction relief is affirmed.


_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
JERRY L. SMITH, JUDGE