IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION



FILED

September 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ISSAC LYDELL HERRON, | ) | NO. 02C01-9509-CR-00253 |
| | ) | |
| Appellant | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | HON. FRED AXLEY, JUDGE |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee | ) | |
| | ) | |

FOR THE APPELLANT                              FOR THE APPELLEE

Issac Lydell Herron #102289          John Knox Walkup
Cold Creek Correctional Facility     Attorney General and Reporter
P.O. Box 1000                        450 James Robertson Parkway
Henning, Tennessee 38041-1000        Nashville, Tennessee 37243-0493

                                     Ellen H. Pollack
                                     Assistant Attorney General
                                     450 James Robertson Parkway
                                     Nashville, Tennessee 37243-0493

                                     John W. Pierotti
                                     District Attorney General
                                     201 Poplar Avenue
                                     Memphis, Tennessee 38103-1947

                                     C. Alanda Horne
                                     Assistant District Attorney General
                                     201 Poplar Avenue
                                     Memphis, Tennessee 38103-1947

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

Opinion

The Appellant, Issac Lydell Herron, appeals as of right the Shelby County Criminal Court's dismissal of his petition for post-conviction relief. In 1984, the Appellant was convicted of second degree murder and is currently serving a seventy-two year sentence as a Range II especially aggravated offender in the Tennessee Department of Correction. This Court affirmed the Appellant's conviction in 1985 and no further appeals were taken. See State v. Isaac Lydell Herron, C.C.A. No. 7 (Tenn. Crim. App., Jackson, Apr. 10, 1985). On September 21, 1995, the Appellant filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel. On November 15, 1995, without an evidentiary hearing, the trial court dismissed the petition ruling that it was barred by the statute of limitations.

Pursuant to the now-repealed Post-Conviction Procedure Act, the statute of limitation applicable to the Appellant's post-conviction claims was three years.[1] Tenn. Code Ann. § 40-30-102 (repealed 1995). That three-year period began running on July 1, 1986, the effective date of the statute. The last day on which the Appellant could have filed such a petition was in July of 1989. See e.g. State v. Mullins, 767 S.W.2d 668, 669 (Tenn. Crim. App. 1988); Smith v. State, 757 S.W.2d 683, 685 (Tenn. Crim. App. 1988); State v. Masucci, 754 S.W.2d 90, 91 (Tenn. Crim. App. 1988); Abston v. State, 749 S.W.2d 487, 488 (Tenn. Crim. App. 1988). The Appellant's petition was filed in September of 1995, more than six years after the statute expired. Consequently, the trial court properly dismissed the Appellant's petition.

Any contention by the Appellant that the new Post-Conviction Procedure Act, effective May 10, 1995, provided him with a one-year window of opportunity within which to file his post-conviction petition is meritless. Similar attempts to circumvent the statute of limitations in this manner have been previously rejected by panels of this

---

[1]Prior to the enactment of the 1986 Post-Conviction Procedure Act, no statute of limitations for post-conviction applications existed.

Court.  See Roy Barnett v. State, C.C.A. No. 03C01-9512-CV-00394 (Tenn. Crim. App., Knoxville, Feb. 20, 1997); Stephen Koprowski v. State, C.A.A. No. 03C01-9511-CC-00365 (Tenn. Crim. App., Knoxville, Jan. 28, 1997); Johnny L. Butler v. State, C.C.A. No. 02C01-9509-CR-00289 (Tenn. Crim. App., Jackson, Dec. 2, 1996). But see Arnold Carter v. State, C.C.A. No. 03C01-9509-CC-00270 (Tenn. Crim. App., Knoxville, July 11, 1996).

Accordingly, the trial court's dismissal of the Appellant's petition for post-conviction relief is affirmed.


_____

WILLIAM M. BARKER, JUDGE

CONCUR:


_____

JOSEPH M. TIPTON, JUDGE


_____

DAVID G. HAYES, JUDGE