IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville April 23, 2013

## JOHN JOSEPH KRATOCHVIL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2009-B-1893   J. Randall Wyatt, Jr., Judge**

**No. M2012-02716-CCA-R3-CO - Filed April 30, 2013**

The Petitioner, John Joseph Kratochvil, appeals the Davidson County Criminal Court's denial of his petition for a writ of error coram nobis regarding his conviction for second degree murder, for which he is serving a Range II, thirty-five year sentence. The Petitioner contends that the trial court erred by denying him relief. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

John Joseph Kratochvil, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted on his guilty plea to the March 2009 second degree murder of his wife. He filed a post-conviction petition alleging that his guilty plea was not knowing and voluntary because trial counsel failed to provide effective assistance. The trial court denied relief, and this court affirmed. *John Joseph Kratochvil v. State*, No. M2012-00112-CCA-R3-PC (Tenn. Crim. App. Feb. 15, 2013), *perm. app. filed* (Tenn. Mar. 25, 2013).

While his post-conviction appeal was pending in this court, the Petitioner filed a petition for writ of error coram nobis, alleging that he was entitled to relief because he

discovered after the post-conviction hearing that there was additional evidence to support his claim of ineffective assistance of trial counsel. His claims related to counsel's failure to investigate and litigate questions regarding the legality of a search warrant and seizure of evidence pursuant to the warrant. The coram nobis petition was filed on August 17, 2012, more than two years after his guilty plea on April 1, 2010. The trial court dismissed the petition on the bases that it was untimely, that the Petitioner failed to demonstrate any reason for tolling the statute of limitations, and that his allegations were not appropriate grounds for relief in a coram nobis action. This appeal followed.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105 (2012); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995); *cf. Wlodarz v. State*, 361 S.W.3d 490, 503-04 (Tenn. 2012) (holding that a guilty plea proceeding is a "trial" for purposes of the coram nobis statute). The decision to grant or deny such a writ rests within the sound discretion of the trial court. *Teague v. State*, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for writ of error coram nobis must be filed within one year of the date the judgment becomes final in the trial court. T.C.A. § 27-7-103 (2000); *State v. Mixon*, 983 S.W.2d 661, 663 (Tenn. 1999); *State v. Ratliff*, 71 S.W.3d 291, 295 (Tenn. Crim. App. 2001). The only exception to the statute of limitations is when due process principles require tolling. *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001).

The Petitioner argues that he filed his petition within a year of the trial court's judgment in the post-conviction case, which he construes as a post-trial motion that extended the time for filing the coram nobis petition. The argument is misguided. A post-conviction action is a collateral attack upon a final judgment. *See, e.g.*, *State v. McClintock*, 732 S.W.2d 268, 271-72 (Tenn. 1987) (noting that post-conviction proceedings provide a forum for collateral attack of final judgments); *see also* T.C.A. § 40-30-102(a) (2012) (providing that a post-conviction petition may be filed within one year of the final action of the highest state appellate court or, if no appeal is taken, within one year of the date the judgment becomes final). The Petitioner's coram nobis petition was not filed within the statute of limitations.

As an alternative to his argument that his coram nobis petition was timely, the Petitioner argues that the statute of limitations should be tolled because he did not become aware of various alleged shortcomings of trial counsel until after the post-conviction hearing. Despite the one-year statute of limitations, due process may require tolling of the limitations period if a petitioner seeks relief based upon newly discovered evidence of actual innocence. *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010); *Workman*, 41 S.W.3d at 101. "'Before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity

for the presentation of claims at a meaningful time and in a meaningful manner.'" *Workman*, 41 S.W.3d at 102 (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 2002)). Nevertheless, a petitioner seeking relief under the statute must exercise due diligence in presenting claims that fall outside the statute of limitations. *Harris*, 301 S.W.3d at 144; *Mixon*, 983 S.W.2d at 670.

The Petitioner has not shown that he was "without fault in failing to present certain evidence at the proper time" as required for tolling the statute of limitations. *See* T.C.A. § 40-26-105(b) (2012); *see also State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007) (interpreting "without fault" to mean that the evidence would not have been discovered in a timely manner in the exercise of reasonable diligence). Despite his allegation of when he actually discovered the information, the Petitioner has not alleged facts from which a court could conclude that despite an exercise of reasonable diligence, the information was not discoverable within the statutory period for bringing a timely coram nobis claim. We note that despite the Petitioner's reliance on his lack of legal training as the basis for his failure to discover the evidence sooner, he was represented by counsel in the post-conviction action in which he litigated an ineffective assistance claim. *See John Joseph Kratochvil*, slip op. at 7.

Ultimately, the petition must fail because it does not contain allegations that are proper grounds for relief in coram nobis proceedings. This court has said that the ineffective assistance of counsel is not a claim that is properly litigated in a coram nobis action. *See, e.g.*, *Omowali Ashanti Shabazz, aka Fred Edmond Dean v. State*, No. E2010-01639-CCA-R3-PC (Tenn. Crim. App. July 15, 2011), *perm. app. denied* (Tenn. Oct. 18, 2011); *Daniel Lee Draper v. State*, No. E2009-00952-CCA-R3-PC (Tenn. Crim. App. Dec. 21, 2010), *perm. app. denied* (Tenn. Apr. 13, 2011).

We conclude that the trial court correctly dismissed the petition as untimely, not a proper subject for tolling the statute of limitations, and failing to allege a cognizable claim. In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE