# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 13, 2013 Session

## STATE OF TENNESSEE (APPELLANT) VS. JAY HART FRIER

### Appeal from the Circuit Court for Williamson County
### No. ICR063275    Robbie T Beal, Judge

---

## No. M2012-02080-CCA-R10-CD   Filed October 16, 2013

---

Appellee, Jay Hart Frier, was indicted by the Williamson County Grand Jury for driving under the influence ("DUI"), DUI per se, DUI with a blood alcohol concentration of .20% or more, and DUI second offense. Prior to trial, Appellee filed a motion in limine to dismiss the last count of the indictment based on the fact that his prior DUI was facially invalid. The trial court held a hearing and denied the motion. Appellee filed a motion to reconsider. The trial court ultimately granted the motion in limine and dismissed the last count of the indictment. The State sought reconsideration of the ruling. The trial court declined to reconsider. The State sought an interlocutory appeal. The trial court denied the application. The State then sought an extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. This Court granted the application. On appeal, after a review of the record and applicable authorities, we determine that the trial court improperly dismissed the indictment where Appellant sought to collaterally attack his previous conviction rather than seeking review of the underlying conviction via a writ of habeas corpus. As a result, the decision of the trial court is reversed. On remand, the indictment should be reinstated and the matter set for further proceedings.

**Tenn. R. App. P. 10 Extraordinary Appeal; Judgment of the Trial Court is Reversed and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Kim R. Helper, District Attorney General, and Carlin Hess, Assistant District Attorney General, for the appellant, State of Tennessee.

Lee Ofman, Franklin, Tennessee, for the appellee, Jay Hart Frier.

**OPINION**

*Factual Background*

On March 12, 2012, Appellee was indicted by the Williamson County Grand Jury in a multi-count indictment for one count of DUI, one count of DUI per se, one count of DUI with a blood alcohol level of .20% or greater, and one count of DUI, second offense. Count Four of the indictment specifically alleged that Appellee had a prior DUI conviction from April 23, 2008, in the Circuit Court of Williamson, Tennessee.

On April 18, 2012, Appellee filed a motion in limine to dismiss Count Four of the indictment, charging Appellee with DUI, second offense. In the motion, Appellee alleged that the prior conviction could not be used for enhancement purposes because it was: (1) facially invalid; (2) void; (3) in direct contravention of statute as to fines and probation; and (4) in direct contravention of statute as to mandatory DUI school and silent as to loss of driving privileges. The State responded to the motion by arguing that Appellee was attempting to collaterally attack his prior DUI conviction and should only be allowed to do so through a post-conviction petition or habeas corpus petition.

On April 20, 2012, Appellee amended the motion in limine. In the amended motion, Appellee claimed that Count Four of the indictment, charging Appellee with DUI, second offense, could not be used for enhancement purposes and must be dismissed because it was facially invalid. Specifically, Appellee argued that the judgment: (1) was in direct contravention of the provisions of Tennessee Code Annotated section 55-10-403(a)(1)(A)(i), as to minimum fines and Tennessee Code Annotated section 55-10-403(c)(1)(A)(i), as to probation; (2) was silent with respect to the loss of driving privileges or mandatory attendance of DUI school required by Tennessee Code Annotated sections 55-10-403(a)(1)(A)(i) & 55-10-403(c)(1)(A)(i); and (3) was void on its face because it shows that no fine was levied against the Appellee.

At the hearing on the motion, Appellee argued that the 2008 judgment was void on its face because it failed to follow the explicit requirements of Tennessee Code Annotated section 55-10-403. He insisted that if a judgment is facially invalid and therefore void, the trial court "can strike it at any time and in fact, has [the] duty to do so." The State agreed that the 2008 conviction was void but argued that Appellee could not collaterally attack the conviction via a motion in limine. The State urged Appellee to properly attack the conviction through the "proper procedural avenue" of a petition for writ of habeas corpus or petition for

post-conviction relief. The State also argued that even if Appellee had properly filed a habeas corpus petition it would fail because Appellee was no longer restrained of his liberty by the 2008 DUI conviction. Additionally, the State argued that even though the sentence from the 2008 conviction appeared to be invalid, Appellee was still on notice that he had a DUI conviction for the purposes of enhancement.

The trial court noted the distinction between absolutely declaring a conviction void and "[a]ttacking final judgments for purposes of enhancement." The trial court noted that it would not "strike" a conviction without a proper writ but had the authority to "strike" a conviction for the purpose of enhancement. The trial court stated that it would take the time to look at what happened in the prior DUI case because it occurred in the same county. The trial court noted that it needed to ascertain whether Appellee was "afforded all [of] his constitutional rights and was notified that it could be used for enhancement purposes." The trial court expressed some concern over the State's seemingly contradictory position that the judgment was admittedly void but that it was still valid for enhancement purposes.

The trial court determined that Appellee was not required to file a petition for post-conviction relief or a petition for writ of habeas corpus in order to challenge the indictment. In other words, the trial court deemed the motion in limine the proper procedural vehicle for Appellee to challenge the use of the prior DUI for enhancement purposes. At that point, the trial court determined that even though the parties agreed the prior judgment was void, the question of whether Appellee knew the conviction could be used for enhancement was still an issue. The trial court concluded that Appellee "knew he had been convicted of D[UI]. . . and, therefore, it's properly used for enhancement." The trial court orally denied the motion in limine.

At that point, counsel for Appellee asked the trial court to read a Tennessee Supreme Court case that supported the Appellee's position. The trial court agreed to read the case after the hearing and stated that it would come to a different conclusion if the trial court had "made a mistake" in judgment.

On May 23, 2012, Appellee filed a motion to reconsider and clarify the ruling of the trial court. On June 1, 2012, Appellee filed an amended motion to reconsider and clarify the ruling of the trial court.

On June 15, 2012, the trial court entered an order and memorandum, this time granting Appellee's motion to dismiss Count Four of the indictment. In the order, the trial court determined that Appellee's prior DUI conviction was in direct contravention of Tennessee Code Annotated section 55-10-403(a)(1)(A)(i) and (c)(1)(A)(i) because it lacked minimum fines and did not sentence Appellee to probation of any type. Further, the trial court

determined that the judgment was silent as to loss of driving privileges and mandatory attendance at DUI school pursuant to Tennessee Code Annotated section 55-10-403(a)(1)(A)(i) and (c)(1)(A)(i). The trial court noted that it:

> [A]grees with the principles set forth in the State's response to [Appellee's] motion in limine, i.e. that two (2) distinct procedural avenues are available to collaterally attack a final judgment, it is not necessary for this Court to determine whether [Appellee] is making such a collateral attack. Rather, on May 21, 2012, the parties stipulated at a hearing before this Court that the subject judgment was void on its face as a result of said stipulation, thus, this Court need only address whether a void judgment may be used for enhancement purposes. Because the final judgment of DUI entered April 24, 2009 is a void judgment, as stipulated to by both parties, that judgment cannot be used to enhance a subsequent judgment for DUI.

The trial court cited the concurring opinion of *State v. David Gardner*, No. 85-20-III, 1986 WL 7848, at *7 (Tenn. Crim. App., at Nashville, Jul. 16, 1986) (Duncan, J., concurring), *perm. app. denied*, (Tenn. May 11, 1987), which stated:

> In cases where the State is seeking enhanced punishment on a current DUI offense because of a defendant's prior conviction for DUI, and where the State introduces a facially valid judgment showing such a prior conviction, then, in my view, a defendant is foreclosed in that current proceeding from making or attempting to make a collateral attack upon the validity of such prior conviction.
>
> The defendant's argument that his challenge to his prior conviction was direct and not collateral is not tenable. Either his prior conviction was void or it was not. If it was void it could not be used as a basis to find that he was a DUI second offender. If it was valid, it could be.

In other words, the trial court determined that the "prior void DUI final judgment" could not "be used as a basis to enhance a subsequent DUI offense." The trial court then dismissed Count Four of the indictment.

The State sought an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court denied that request. Then, the State sought an extraordinary appeal pursuant to Tennessee Rule of Appellate Procedure 10. This Court granted the extraordinary appeal.

*Analysis*

On appeal, the State insists that the trial court abused its discretion when it dismissed Count Four of the indictment. Specifically, the State contends that the proper avenue for a collateral attack on a prior conviction is through a writ of habeas corpus or a post-conviction proceeding rather than a motion in limine in a subsequent criminal proceeding. Appellee disagrees.

Appellant argues that *State v. McClintock*, 732 S.W.2d 268 (Tenn. 1987), controls the resolution of the issue. We disagree. In *McClintock*, our supreme court succinctly set forth the issue in that case as follows:

> This case is before the Court to resolve significant questions concerning the proper procedure for determining the validity of a facially sufficient conviction under T.C.A. § 55-10-401, et seq. (DUI), when such a conviction is used to enhance punishment on subsequent DUI convictions. Defendant, Robert McClintock, voluntarily entered a plea of guilty to DUI; his sentence was enhanced by the trial court under T.C.A. § 55-10-403 on the basis of a prior DUI conviction.

*McClintock*, 732 S.W.2d at 268.

In *McClintock*, the judgment of the prior conviction included defendant's signed waiver of his right to counsel. *Id.* at 269. Defendant asserted, however, that he had not validly waived his right to counsel. *Id.* The court in *McClintock* concluded that defendant's signed written waiver of his right to counsel made it a facially valid conviction. *See id.* at 273. Since the issuance of *McClintock*, Tennessee courts have rejected claims attacking facially valid prior convictions in subsequent proceedings in which the prior convictions were used to enhance punishment. *See McClintock*, 732 S.W.2d at 272; *State v. Prince*, 781 S.W.2d 846, 851 (Tenn. 1989); *Smith v. State*, 757 S.W.2d 683, 685-86 (Tenn. Crim. App. 1988). The Tennessee Supreme Court has held:

> [U]nless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment. The authorized route for attacking a facially valid, final judgment of conviction is by the Post Conviction Procedure Act. An evidentiary hearing can be afforded in that forum and not at the proceeding in which such prior conviction is used. Once invalidated, the enhancement value of the conviction is also nullified, exposing the enhanced sentence on the subsequent conviction

to collateral attack as well.

*McClintock*, 732 S.W.2d at 272.

As detailed above, prior to trial, Appellee filed a motion in limine to dismiss Count four of the indictment because his prior DUI conviction was facially invalid and void. The State agreed that the prior sentence was illegal because it did not follow the requirements of the statute. In *Cantrell v. Easterling*, 346 S.W.3d 445 (Tenn. 2011), the Tennessee Supreme Court reminded us that an illegal sentence may be ground for habeas corpus relief and discussed in detail the three categories of error that can appear in a judgment and the proper procedures for correcting those errors. The three categories of errors that can appear in a judgment are clerical errors, appealable errors, and fatal errors. *Id.* at 449-53. "An illegal sentence [containing fatal error] is one which is 'in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity,'" or one which is "not authorized under the applicable statutory scheme." *Id.* at 452 (citations omitted). Only sentences containing "fatal errors," and which are therefore illegal, may be addressed through the collateral proceeding of habeas corpus. *Id.* Examples of illegal sentences for which habeas corpus relief is permissible include: "(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where . . . prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute." *Id.* at 452 (citing *Davis v. State*, 313 S.W.3d 751, 759 (Tenn.2010)).

We recognize that Appellee's judgment seemingly contains fatal errors because it did not impose a mandatory minimum fine, did not provide for Appellee to attend DUI school, and did not impose a sentence of probation as required by Tennessee Code Annotated section 55-10-403. However, although a trial court has the authority to correct an illegal sentence at any time, a petition for habeas corpus relief for post-conviction relief is the proper procedural method for seeking such relief. *Id.* at 453. In the case herein, Appellee chose to collaterally attack the validity of his 2008 sentence in a motion in limine. Moreover, although the sentencing provisions of Tennessee Code Annotated section 55-10-403 are missing from the judgment, it is plain that Appellant in fact has a prior DUI conviction. Appellee cannot collaterally attack the validity of his prior DUI conviction via a motion in limine. Accordingly, the trial court's dismissal of the fourth count of the indictment was in error. Therefore, the judgment of the trial court is reversed. On remand, the indictment should be reinstated and the matter set for further proceedings consistent with this opinion.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is reversed and remanded for reinstatement of Count four of the indictment and any further proceedings which may be necessary.

_____
JERRY L. SMITH, JUDGE