# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1998 SESSION

FILED

October 28, 1998

Cecil W. Crowson
Appellate Court Clerk

DWIGHT A. MAYTON,　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　C.C.A. NO. 01C01-9708-CC-00376
　　　　　　　Appellant,　　　　　)
　　　　　　　　　　　　　　　　　)　　CANNON COUNTY
VS.　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　)　　HON. DON R. ASH,
STATE OF TENNESSEE,　　　　　　　)　　JUDGE
　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　)　　(Post-Conviction)


FOR THE APPELLANT:　　　　　　　　　FOR THE APPELLEE:


**Donald M. Bulloch, Jr.**　　　　　**JOHN KNOX WALKUP**
P. O. Box 398　　　　　　　　　　　　Attorney General & Reporter
301 North Spring St.
Murfreesboro, TN　37133-0398　　　　**DEBORAH A. TULLIS**
　　　　　　　　　　　　　　　　　　Asst. Attorney General
　　　　　　　　　　　　　　　　　　Cordell Hull Bldg., 2nd Fl.
　　　　　　　　　　　　　　　　　　425 Fifth Ave., North
　　　　　　　　　　　　　　　　　　Nashville, TN　37243

　　　　　　　　　　　　　　　　　　**William Whitesell**
　　　　　　　　　　　　　　　　　　District Attorney General

　　　　　　　　　　　　　　　　　　**David L. Puckett**
　　　　　　　　　　　　　　　　　　Asst. District Attorney General
　　　　　　　　　　　　　　　　　　303 Rutherford County Judicial Bldg.
　　　　　　　　　　　　　　　　　　Murfreesboro, TN　37130


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The petitioner pled guilty to second-degree murder on May 27, 1977, and was sentenced to twenty years incarceration.  On May 24, 1979, the petitioner filed a post-conviction petition alleging that his plea was not entered voluntarily and that he was denied the effective assistance of counsel.  On June 13, 1979, the petitioner filed a motion to withdraw his post-conviction petition; however, no order was ever entered acting upon this motion.  On July 17, 1995, the petitioner filed a "motion for writ of error coram nobis" to vacate the judgment.  On February 11, 1997, the petitioner filed an amended petition for post-conviction relief alleging that his plea was not voluntary, understanding, and knowing and that he received ineffective assistance of counsel.  Following an evidentiary hearing on May 19, 1997, the post-conviction court denied his petition.  It is from this denial that the petitioner now appeals.

After a review of the record and applicable law, we find no merit to the petitioner's appeal and thus affirm the judgment of the court below.

The petitioner's convictions stem from his involvement in the murder of Tom Alroy Raines on October 22, 1976.  The petitioner pled guilty and was sentenced to a term of twenty years.  Although the petitioner has served this sentence in its entirety, he is currently serving a sentence for other criminal charges.  The conviction that the petitioner is challenging in this appeal was used to enhance the sentence he is currently serving.

When the petitioner was indicted, the court appointed attorney Bill Bryson to represent him.  Boyd Bryson was also retained to assist in petitioner's representation.  These two attorneys were later allowed to withdraw from the case after petitioner retained

2

another attorney, Scott Daniel, as his representative. The petitioner has testified, by deposition[1], that Scott Daniel was retained because of the attitudes and ineffective assistance of the earlier attorneys as well as their lack of investigation into the case. The petitioner has also testified that when Scott Daniel was retained, he conducted a limited investigation. Approximately two weeks after Mr. Daniel was retained, the State offered the petitioner a plea bargain sentence of twenty years. Later that same day, the petitioner, without any advance notice, was taken to Cannon County to appear in court.

When the petitioner arrived at the courthouse, the attorney for the state once again advised him to plead guilty. (The record indicates that petitioner's counsel was present.) At that point, the petitioner and his wife were given some time alone together to discuss his options. During the discussion, the petitioner testified that he had found a pint of bourbon in a desk drawer in the office where he and his wife had been left to talk. The petitioner proceeded to drink approximately half of the pint and went into the courtroom a few moments later. According to the petitioner, at no point did his attorney explain to him who would impose sentence on him if he were found guilty by a jury, the difference between first and second-degree murder, the minimum and maximum sentence of first and second-degree murder, the right to plead not guilty, the right to a speedy trial, the State's burden of proof beyond a reasonable doubt, the right to the assistance of counsel at trial, the right to confront and cross-examine all of the State's witnesses, the right to call and present his own witnesses, the presumption of innocence, the right to remain silent or that a second-degree murder conviction could be used against petitioner later to enhance a subsequent sentence.

The petitioner contends that not only did his attorney fail to advise him of

---

[1] The petitioner testified in a deposition taken on December 19, 1996. This evidentiary deposition was ordered by the post-conviction court.

3

these rights, the judge who accepted petitioner's guilty plea also failed to advise him of these rights.  The petitioner asserts that had he known of these rights, he would have requested a jury trial rather than entering a guilty plea.  The petitioner also points to the court transcript of the entry of the guilty plea where the judge asked the petitioner, "[h]as anybody forced you to enter this plea of guilty against your will?" The transcript describes the petitioner's answer as "(No audible response.)" The judge goes on to ask, "[t]he question is whether or not you're doing this voluntarily and of your own free will and accord.  Are you doing that?"  The petitioner answered "[o]f my own free will? . . . Yes sir."  The petitioner contends it was the sum of all these factors - no advance notice given of court appearance, no explanation of the aforementioned rights, pressure by the attorney for the State and the ineffective assistance of his own counsel - that forced him to plead guilty and render his plea involuntary and unknowing. [2]

The transcript from the entry of the guilty plea, which was attached as an exhibit to this proceeding, revealed that the petitioner stated he understood the proceeding and he was satisfied with Mr. Daniel's representation.  The petitioner also stated the plea was entered voluntarily and of his own free will.  The petitioner further agreed that the maximum and minimum sentence which could be imposed had been explained to him.  The petitioner then pled guilty to second-degree murder.

"In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his [or her] petition by a preponderance of the evidence." McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983).  Furthermore, the factual findings of the trial court in hearings "are conclusive on appeal unless the evidence

---

[2] Petitioner admits that his attorney, Scott Daniel, did offer to take the case to trial.  However, petitioner testified Mr. Daniel also said something to the effect that petitioner had to consider the twenty years being offered by the State or the life sentence that was supposedly threatened by the State if the petitioner did not take the plea bargain.

4

preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983).

As the petitioner's guilty plea was entered on May 27, 1977, the validity of his plea is determined under the standards set out in Boykin v. Alabama, 395 U.S. 238, 239, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See Clark v. State, 800 S.W.2d 500 (Tenn. Crim. App. 1990). In Boykin, the United States Supreme Court held that there are three federal constitutional rights involved "in a waiver that takes place when a plea of guilty is entered in a state criminal trial": the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers. 395 U.S. at 243. The court further held that the waiver of these rights cannot be presumed by a silent record. Id. However, this Court has held that Boykin did not create a procedural requirement that these three rights must be explained to the defendant and the defendant waive these rights before a trial judge can accept a defendant's guilty plea. Clark, 800 S.W.2d at 504. "Boykin simply requires that the transcript of a guilty plea proceeding affirmatively show that 'the defendant voluntarily and understandingly entered his plea of guilty.'" Id. (citing Boykin, 395 U.S. at 244).

The United States Supreme Court has held that the standard in determining whether a guilty plea is voluntary and knowing is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970). In addition, this Court has held that:

> the failure of a trial judge to advise a defendant of his privilege against compulsory self-incrimination prior to Mackey *did not*, as a matter of law, cause a defendant's conviction to become constitutionally infirm. If the record of the sentencing hearing, as here, affirmatively shows that the defendant's 'plea repres-ent[ed] a voluntary and intelligent choice among alternative courses of action open to the defendant', the defendant's conviction is valid. In other words, '[s]pecific judicial incantation of

5

> constitutional rights is not the litmus test under' the Constitution or <u>Boykin</u>.

<u>Clark</u>, 800 S.W.2d at 505 (citations omitted).

The petitioner is arguing that the court's failure to advise him of the rights set out earlier renders his guilty plea involuntary and unknowing. In light of the aforementioned law, the petitioner's contention is without merit. The record of the petitioner's plea submission hearing, in conjunction with the fact that this was not the petitioner's first experience in a courtroom,[3] affirmatively shows the petitioner's plea was a voluntary and intelligent choice. At the guilty plea hearing the petitioner affirmatively stated that he understood he had a right to a jury trial, the charge against him, the meaning of his guilty plea, that his plea was voluntary, his right to compel the attendance of witnesses, his right to confront those witnesses, and the maximum and minimum sentences which might be imposed. In fact, the only right the petitioner was not specifically questioned about was the right against self-incrimination. As stated earlier, this ground alone is not enough to render a conviction invalid. <u>See</u> <u>Blankenship v. State</u>, 858 S.W.2d 897, 905 (Tenn. 1993); <u>Clark</u>, 800 S.W.2d at 505.

In light of these facts, it is clear the petitioner has not met his burden of proof. The post-conviction court found that petitioner's plea was voluntarily and knowingly made. This finding is conclusive unless the petitioner proves, by a preponderance of the evidence, that the finding is erroneous. <u>See</u> <u>Buford</u>, 666 S.W.2d at 475. The petitioner has not met this burden. It is obvious that the trial court canvassed the matter with the accused to make sure he had a full understanding of what his plea connoted and its direct consequences. Therefore, the petitioner's plea was

---

[3] In fact, this was petitioner's third appearance facing charges in a criminal court.

6

voluntary and knowing.  See Blankenship, 858 S.W.2d at 904.[4]

The petitioner further contends that he would not have pled guilty but for the ineffective assistance of his counsel.  In reviewing this contention,  this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases.  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonbleness" and that this performance prejudiced the defense.  There must be a reasonable probability that but for the counsel's error the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

To satisfy the requirement of prejudice, the petitioner would have had to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

We find nothing in the record to support the petitioner's claim that his counsel was ineffective.  The post-conviction judge held that the petitioner "received effective assistance of counsel and that, based upon this plea and the statements, that

_____

[4] Petitioner contends that because it was not made clear that a conviction could be used in a later proceeding to enhance the punishment for subsequent offenses, his plea is not valid. In support of this argument, petitioner cites State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987).  It is true that state law requires a defendant who pleads guilty be informed that the resulting conviction may be used later as the basis for enhancement. See McClintock, 732 S.W.2d at 273.  However, this rule was announced ten years after petitioner pled guilty and, as it is not retroactive, does not apply in petitioner's case. See Clark, 800 S.W.2d at 503; Blankenship, 858 S.W.2d at 905 n.6.

7

[sic] he was satisfied with the representation of Mr. Daniel at that time." The record fully supports the findings of the post-conviction court.

At the guilty plea hearing the trial judge asked the petitioner, "[n]ow, Mr. Daniel has been representing you for some several weeks now. Are you satisfied with what he's done to represent you?" The petitioner responded, "[y]es, sir, I'm satisfied." The judge then asked Mr. Daniel if he felt that he had investigated the case. Mr. Daniel responded, "[y]es, sir, very thoroughly, your Honor." In fact, the petitioner testified in his deposition that Mr. Daniel had investigated the case and offered to take the case to trial.

In light of these facts, it is clear the petitioner has failed to carry his burden of proving his allegations by a preponderance of the evidence. The petitioner clearly received effective assistance of counsel.

In sum, we agree with the post-conviction court's findings that the petitioner's plea was voluntarily, understandingly, and knowingly made and that the petitioner received effective assistance of counsel. We affirm the post-conviction court's denial of this petition.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____

8

DAVID G. HAYES, Judge