IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2001

## PAUL FREEMAN v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. 00-005     Roger A. Page, Judge**

---

**No. W2000-00943-CCA-R3-PC  - Filed February 21, 2001**

---

Paul Freeman appeals from the dismissal of his petition for post-conviction relief.  In this appeal, Freeman collaterally attacks his DUI conviction in the City Court of Jackson upon grounds that his uncounseled guilty plea was not knowingly and intelligently entered.  Freeman asserts that at the time he entered his guilty plea, he was still under the influence of alcohol from his arrest approximately eight hours earlier that same morning.  After review, we find that the proof does not support a knowing and voluntary plea.  Accordingly, we reverse the ruling of the trial court, vacate Freeman's judgment of conviction, and remand the case to the City Court of Jackson for further proceedings.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS joined.; JOE G. RILEY, J. filed a dissenting opinion.

Marcus M. Reaves, Jackson, Tennessee, for the Appellant, Paul Freeman.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Mark E. Davidson, Assistant Attorney General, James G. (Jerry) Woodall, District Attorney General, and James W. Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Appellant, Paul Freeman, appeals as of right the Madison County Circuit Court's denial of his petition for post-conviction relief.  In this appeal, the Appellant contends that his guilty plea in the City Court of Jackson to one count of DUI, first offense, was not voluntarily, knowingly, and intelligently entered because he was still under the influence of an intoxicant at the time he entered the plea.  After review, we find that the State failed to meet its burden of showing that the guilty plea was constitutionally valid.  Thus, we set aside the guilty plea and remand this case to the City Court of Jackson for further proceedings consistent with this opinion.

## Background

Shortly before midnight on May 12, 1999, Jackson police officers discovered the Appellant "passed-out" behind the steering wheel of his 1999 Ford truck. Although unable to perform any field sobriety tests, the Appellant did submit to an intoximeter test which indicated a blood alcohol level of .20 percent. As noted on the citation form, investigative procedures were completed by the arresting officers on "13th May 1999 Time 0000 A.M." The Appellant was then taken into custody to await his 8:00 a.m. court appearance that same morning. After his arrest, the Appellant did not remember anything else until "he woke up in jail." The Appellant does not dispute the fact that his predicament was occasioned by a night of serious drinking with his cousins at a family gathering.

The Appellant was transported that same morning to the City Court for his scheduled 8:00 a.m. initial appearance.[1] The records of that court reflect that the Appellant waived his right to an attorney and pled guilty to DUI, first offense. The Appellant does not contest the fact that the City Judge may "very well have explained to [him] that [he] was pleading guilty to DUI" or that the "Judgment Form DUI," which contains a waiver of rights, including a waiver of his right to an attorney, bears his signature. Instead, the Appellant contends that he believed he was entering a guilty plea to "public drunk" and not to DUI. He explains that he would never have pled guilty to drunk driving "because he had not driven that night."[2] He denies reading the waiver of rights form, claiming that he had lost his glasses that night and could not have read the form without them.

## ANALYSIS

The Appellant asserts that he was still under the influence of an intoxicant when he entered his guilty plea and, as a result of his "impaired mental state," his guilty plea was unknowingly and unintelligently entered. In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. TENN. CODE ANN. § 40-30-210(f)(1997). When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). This court may not reweigh or reevaluate the evidence or substitute its inferences for those drawn by the post-conviction court. Finally, questions concerning the credibility of witnesses and the weight to be given their testimony are for resolution by the post-conviction court. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).

---

[1] It is unclear when the Appellant's initial appearance before the court was made as the proof indicates that cases scheduled for 8:00 a.m. are heard between 8:00 a.m. and 10:00 a.m..

[2] Testimony of one of the cousins at the family gathering indicated that he returned the Appellant to his truck and called the Appellant's son to come and drive him home.

In order for a plea to be deemed knowingly and voluntarily entered, an accused must be informed of the rights and circumstances involved and nevertheless choose to waive or relinquish those rights. State v. Mackey, 553 S.W.2d 337, 340 (Tenn. 1977). In State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987), our supreme court held that the Mackey requirements were applicable to *any court* entering guilty pleas, whether a court of record or not. (emphasis added). Thus, city courts or general sessions courts are not excluded from the Mackey requirements when accepting pleas of guilty. Notwithstanding the more stringent standards imposed by our supreme court in Mackey, post-conviction relief may only be granted if a conviction or sentence is void or voidable because of a violation of a constitutional right. *See* TENN. CODE ANN. § 40-30-203 (1997).

When determining whether a guilty plea was knowing and voluntary, this court must look to the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). The presence or absence of counsel is a factor to be considered in any overall evaluation of the voluntariness of a guilty plea.[3]

In the present case, the post-conviction court denied the Appellant's request for post-conviction relief finding:

> It is the Court's opinion that Petitioner was not impaired at the time of his guilty plea and that his decision to plead guilty was freely, voluntarily and intelligently made and that there was a factual basis for his plea.

At the hearing, the Appellant was questioned extensively as to whether his plea was made in a knowing, intelligent, and voluntary manner. The Appellant admitted to signing a waiver of rights form and testified at the hearing that he is literate. When the Appellant was asked if the city court judge explained to him that he was pleading guilty to DUI, the Appellant testified "I wouldn't dare say that the Judge didn't explain it to me. They did explain something to me, I guarantee you they did . . . I just feel like I didn't get the meaning."

Because the plea was taken in City Court, there is no transcript of the guilty plea hearing. "When the transcript, as here, is inadequate to establish that the plea passes constitutional muster, or otherwise does not comport with applicable law, the burden shifts to the State to prove that the defendant voluntarily, understandingly and knowingly entered the plea." Chamberlain v. State, 815 S.W.2d 534, 540-41 (Tenn. Crim. App. 1990). The State "may not utilize a presumption to satisfy its burden of persuasion." Chamberlain, 815 S.W.2d at 541 (citation omitted). It may, however, introduce extrinsic evidence to establish that the plea was voluntarily, understandingly, and knowingly entered by presenting witnesses such as the trial judge, the district attorney in the case,

---

[3]In view of our holding in this case, we find it unnecessary to address the voluntariness of the Appellant's waiver of right to counsel. Nonetheless, the standards for determining the voluntariness of the guilty plea and the Appellant's waiver of his Sixth Amendment right to counsel are the same. Boykin v. Alabama, 395 U.S. 238, 242 (1969); 89 S. Ct. 1709, 1712. "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything else is not waiver." Id. at 242, 89 S.Ct. at 1712 (citations omitted).

the defendant's attorney or any other person present at the proceedings. Id. The State may also cross-examine the defendant to prove that his plea was voluntary, understanding, and knowing. Id.

In the present case, the prosecution presented the testimony of three witnesses to counter the Appellant's assertion of his intoxicated state: (1) Daryl Hubbard, the City Court Clerk; (2) James Anderson Jr., a Jackson police officer; and (3) Assistant District Attorney Jody Pickens. Both Hubbard and Pickens testified as to the procedure followed by the city court judge prior to the acceptance of a guilty plea. Neither Hubbard nor Pickens remembered seeing the Appellant in City Court on the morning of May 13, 1999. Officer Anderson, however, was in City Court on May 13 and recalled the Appellant pleading guilty on that date. When Officer Anderson was questioned at the post-conviction hearing as to whether the Appellant appeared intoxicated when he pled guilty, the following colloquy occurred:

> Q: Okay. Was there anything about his demeanor at this time that would indicate that he was impaired by an intoxicant at the time that he pled guilty?
>
> A: He was about like any other person that come in the night before that had been drinking.
>
> ***
>
> A: He was brought up and carried to the court along with everybody else. You know, as far as I could determine, he was okay. I can't say exactly what was what, but he was - as far as I could determine, he was normal for somebody that had been drinking the night before.
>
> Q: Was there any indication to you that he entered into this plea under the influence of an intoxicant?
>
> A. No. sir.

We find, however, that the testimony of these witnesses does not satisfy the State's burden. The only person called by the State who was actually present at the guilty plea hearing was Officer Anderson, whose testimony regarding the Appellant's condition is less than compelling. Although the Appellant admits that his signature appears on the waiver of rights form, he contends that he does not remember waiving his rights. The Appellant was without benefit of counsel and appeared before the judge only eight hours after registering a blood alcohol level of .20 percent. Simply put, the evidence presented by the State does not clearly and convincingly establish that the Appellant voluntarily, understandingly, and knowingly entered his plea. *See* Chamberlain, 815 S.W.2d at 542. The judgment of the trial court is reversed. The Appellant's judgment of conviction is vacated and this case is remanded to the City Court for further proceedings pursuant to Rule 5 of the Tenn. R. Crim. P.

_____
DAVID G. HAYES, JUDGE