IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 3, 2003

**ELBERT M. MARABLE v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Rutherford County**
**No. F-52324     James K. Clayton, Jr., Judge**

---

**No. M2002-02122-CCA-R3-PC - Filed September 15, 2003**

---

The Appellant, Elbert M. Marable, appeals the dismissal of his petition for post-conviction relief by the Rutherford County Circuit Court. Pursuant to a negotiated plea agreement, Marable pled guilty to aggravated assault and was sentenced to three years in the Department of Correction as a Range I offender. On appeal, Marable presents the following issues for our review: (1) whether his plea was voluntarily and intelligently entered and (2) whether he was denied the effective assistance of counsel. After consideration of the entire record, we conclude that Marable's plea was not voluntarily and intelligently entered. Accordingly, his conviction for aggravated assault is vacated and this case is remanded to the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Vacated and Remanded.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ, joined.

Gregory M. Reed, Murfreesboro, Tennessee, for the Appellant, Elbert M. Marable, Jr.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; P. Robin Dixon, Jr., Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On May 13, 2000, the Appellant, a homeless person, was arrested and charged with aggravated assault and misdemeanor theft. At the preliminary hearing, Frederick Steele, a clerk at McGregor Liquor Store in Murfreesboro, testified that the Appellant entered the store and, after being asked to leave, grabbed a bottle of Seagrams Seven on his way out. Steele stated that he followed the Appellant outside but returned to the store to call the police after observing the

Appellant reach into his pocket for an object. Steele testified that he went outside again and observed another customer of the store, David Harvley, a semi-transient, pursue the Appellant in an attempt to detain him until the police could arrive. An altercation occurred between the Appellant and Harvley, resulting in knives being drawn by both. In his statement to the police, the Appellant advised that he drew his knife in self-defense after being confronted by Harvley, who first drew his knife. Based upon Steele's testimony, the Appellant was bound over to the next term of the Rutherford County grand jury.

The Appellant was subsequently indicted for one count of aggravated assault, a Class C felony, and one count of misdemeanor theft. The indictment listed David Harvley as the victim of the aggravated assault, as opposed to Frederick Steele, who was listed as the victim on the arrest warrant and who was the sole prosecuting witness at the preliminary hearing. Following arraignment, the Appellant pled guilty to aggravated assault and, under the terms of a plea agreement, received a three-year Department of Correction sentence with the theft charge being dismissed.

On April 9, 2002, the Appellant filed a *pro se* petition for writ of habeas corpus seeking relief from his three-year sentence. The trial court ordered that the writ be treated as a petition for post-conviction relief and appointed counsel to represent the Appellant. An amended petition was filed and, after an evidentiary hearing, the trial court found that no relief was warranted. This appeal followed.

**Analysis**

The Appellant argues that his guilty plea to aggravated assault was not voluntarily and intelligently entered. His argument is two-fold: (1) he contends that because of the group colloquy procedure utilized to enter the guilty pleas, the trial court failed to elicit responses on the record from the Appellant sufficient to establish that his plea was, in fact, voluntarily and intelligently entered and (2) had he known he was pleading guilty to the aggravated assault of David Harvley, rather than Frederick Steele, he would not have done so.

To satisfy constitutional standards of due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969). In order for a plea to be deemed knowingly and voluntarily entered, an accused must be informed of the rights and circumstances involved and nevertheless choose to waive or relinquish those rights. *State v. Mackey*, 553 S.W.2d 337, 340 (Tenn. 1977); *see also* Tenn. R. Crim. P. 11. *Boykin* requires the intentional relinquishment or abandonment of the accused's right against self-incrimination, the right to confront one's accusers, and the right to a trial by jury. *Id*. In determining whether the plea was voluntarily and intelligently entered, the reviewing court must look to the totality of the circumstances surrounding the plea. *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995); *see also Chamberlain v. State*, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990). A plea cannot be voluntary if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Id*.

Moreover, our supreme court in *State v. Neal*, 810 S.W.2d 131, 137-38 (Tenn. 1991), in addressing the simultaneous entry of guilty pleas by multiple defendants, held that:

> It is substantial compliance if the entire litany of rights and other required explanatory information is communicated in open court . . . in the presence of their respective attorneys, so long as the number involved is not so great as to make individual understanding unlikely; and <u>provided that each defendant is addressed individually to establish on the record the understanding and agreement of each defendant</u>. (emphasis added).

*See also State v. McClintock*, 732 S.W.2d 268, 273 (Tenn. 1987) (holding that every court is required to make adequate personal inquiry of defendants to assure the validity of all necessary waivers; the taking of guilty pleas cannot be reduced to a rote administrative proceeding).

The proof at the post-conviction hearing established that the Appellant was neither provided a copy of the indictment nor informed as to the circumstances of the aggravated assault charge. Trial counsel acknowledged that his contact with the Appellant was limited to court appearances and that he made no contact with the Appellant during his seven-month confinement in the jail. Moreover, the transcript of the guilty plea submission hearing reflects that the prosecutor failed to provide to the court any factual basis for entry of the guilty plea as required by Tennessee Rules of Criminal Procedure 11(f). No guilty plea form, customarily prepared in all felony cases, was prepared in this case. In response to this omission, trial counsel testified, "We had three guys up here, you know, trying to get them pled out. And I just didn't take time to do it."

With regard to the guilty plea hearing, the record indicates that the Appellant was one of the "three guys" whose guilty pleas were simultaneously entered in totally unrelated cases. Our rules of criminal procedure provide that in order to ensure that the plea is voluntary, "The court shall not accept a plea of guilty or *nolo contendere* without first, . . . addressing the defendant personally in open court. . . ." Tenn. R. Crim. P. 11(d). Although various procedural deficiencies are noted in the plea process, the principal deficiency stems from the fact that we are unable to discern the personal responses of the Appellant from those of the other two defendants to the trial court's questions. The following excerpt illustrates this dilemma which persisted throughout entry of the guilty pleas:[1]

---

[1]A member of the panel has previously observed,

. . . that the trial courts are overburdened with a large and steady flow of criminal cases, but constitutional rights are not to be ignored or slighted for the sake of expedience. The rights delineated in *Boykin* are fundamental to our constitutional system of justice and, given what is at stake for criminal defendants, trial courts are obligated, under *Neal*, to insure that the record of the guilty plea reflects that the *individual defendant* understands his rights and the ramifications of his guilty plea thereon. In fact, the trial courts' time lost in addressing deficient guilty plea records in post-conviction proceedings only adds an unnecessary burden to their heavy docket.

(continued...)

-3-

The Court:      Now, did each of you all understand you have a right to enter a not guilty plea and have a jury trial in this case?

A Defendant:    Yes, sir.

The Court:      And at the trial, do you understand you'd be able to have your lawyer confront and cross-examine any witness that might appear against you as well as to call witnesses to testify for you? Do each of you understand that you could testify on your own behalf if you wanted to?

A Defendant:    Yes, sir.

A Defendant:    Yes, sir.

After reviewing the entire record, including the evidence of the lack of communication with and advice by trial counsel, we cannot conclude that the Appellant's guilty plea to the offense of aggravated assault against David Harvley was entered voluntarily and intelligently. In view of our holding that an abridgement of a constitutional right has occurred, the Appellant's conviction and sentenced are vacated.

## CONCLUSION

Based upon our consideration of the entire record, we conclude that the Appellant's guilty plea to the offense of aggravated assault is constitutionally infirm. Accordingly, the Appellant's conviction and sentence for this offense is vacated and remanded to the trial court for further proceedings consistent with this opinion.

_____
DAVID G. HAYES, JUDGE

---

[1](...continued)
*Glenn Beeler v. State*, No. 01-C-01901-CR-00265 (Tenn. Crim. App. At Nashville, Sept. 16, 1991) (Tipton, J., concurring).