IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2009

**DAVID WAYNE SMART v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-162     J. Randall Wyatt, Jr., Judge**

_____

**No. M2009-00651-CCA-R3-HC - Filed September 23, 2009**

_____

The Petitioner, David Wayne Smart, appeals the summary dismissal of his petition for habeas corpus relief. The petition alleged that the trial court unconstitutionally merged the provision requiring a minimum life sentence for first degree murder and the provision prohibiting instructions on possible penalties to the jury. The Davidson County Criminal Court summarily dismissed the petition, finding that the Petitioner had failed to state a cognizable claim for relief. Following our review of the record and the applicable law, we affirm the order summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

David Wayne Smart, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

In 2001, a Davidson County jury convicted the Petitioner of first degree premeditated murder for the shooting death of the victim, Gabriel Jeans, at a Phillips 66 gasoline station in Nashville. State v. David Wayne Smart, No. M2001-02881-CCA-R3-CD, 2003 WL 21077997, at *1 (Tenn. Crim. App., Nashville, May 13, 2003), perm. to appeal denied, (Tenn. Oct. 13, 2003). Because the State did not seek either the death penalty or a life sentence without the possibility of parole, the Petitioner was automatically sentenced by the trial court to life imprisonment. Id. That judgment was affirmed on direct appeal. See id. Later, the Petitioner sought post-conviction relief alleging ineffective assistance of counsel. The post-conviction court denied relief, and this Court affirmed.

See David Wayne Smart v. State, No. M2007-00504-CCA-R3-PC, 2008 WL 343156 (Tenn. Crim. App., Nashville, Feb. 4, 2008), perm. to appeal denied, (Tenn. Sept. 15, 2008).

The Petitioner filed a petition for a writ of habeas corpus on September 18, 2008. As grounds for relief, the Petitioner challenged the constitutionality of certain provisions of the Tennessee Code: sections 39-13-208(c) (trial court to impose automatic life sentence for first degree murder if State did not seek enhanced punishment) and 40-35-201(b) (trial court not allowed to instruct jury on range of punishment in non-capital cases). He contended that these sections, either "singly [sic] and/or in collaboration," (1) waived his "statutory right to have the jury determine his sentence"; (2) "transfer[r]ed the sentencing power to the prosecutor"; (3) "prevented, the sentencer, [sic] from giving meaningful effect to facts the law makes essential to the [P]etitioner's punishment"; (4) "permit[t]ed an arbitrary and capriciously imposed sentence"; and (5) "deprived the jury of their right to determine the law and the facts . . . ." The Petitioner did not elaborate any further upon these allegations in his petition.

The habeas corpus court summarily dismissed the petition by order filed on February 17, 2009, reasoning as follows:

> The [c]ourt finds that the Petitioner has only put forth conclusory legal abstractions. Essentially, the Petitioner complains that removing the sentencing decision from the jury to the judge or to a statutory determination is unconstitutional. The [c]ourt finds that the right to a trial by jury has never encompassed the right to have a jury determine the length of sentence. See, e.g., Oregon v. Ice, -- U.S. --, 129 S. Ct. 711 (2009) ("the historic jury function—determining whether the prosecution has proved each element of an offense beyond a reasonable doubt"); see also Apprendi v. New Jersey, 530 U.S. 466 (2000) (determining that the jury's province is only to determine facts beyond a reasonable doubt which *increase* the statutory minimum sentence, but necessarily finding that a statutory minimum penalty is not unconstitutional.)

(emphasis in original). It is from the order of summary dismissal that the Petitioner appeals.

**Analysis**

On appeal, the Petitioner claims that summary dismissal was improper. He argues that the trial court was without jurisdiction or authority to sentence him because: (1) "In refusing to allow the jury to be informed of the punishment for first degree murder, the trial judge applied a procedure which was appropriate under the 1989 Sentencing Reform Act [sections 40-35-101 to -505], but not under the first degree sentencing procedures [sections 39-13-202 to -208]. . . . . By doing so, the trial judge unconstitutionally created a third procedure or act which was not legislatively authorized."; and (2) Section 39-13-208(c) "unconstitutionally transfer[s] the sentencing power to the executive branch."

The determination of whether to grant habeas corpus relief is a question of law and our review is de novo. See Summers v. State, 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee

Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. See Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. Id. A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. Taylor, 995 S.W.2d at 83. A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005). Moreover, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

We agree with the habeas corpus court that the Petitioner merely submits "conclusory legal abstractions." We see no need to become bogged down analyzing these abstractions. The Petitioner has not provided this Court with any authority, and we know of none, that these two statutes cannot work in conjunction with one another. A petition for post-conviction relief is the procedural avenue for attacking potentially voidable judgments. Taylor, 995 S.W.2d at 83; State v. McClintock, 732 S.W.2d 268, 272 (Tenn. 1987). Recognizing the narrow scope of habeas corpus relief, in 1967 the Tennessee General Assembly enacted the Post-Conviction Procedures Act. Hickman, 153 S.W.3d 16, 20 (Tenn. 2004). Post-conviction petitioners, unlike habeas corpus petitioners, may challenge convictions or sentences that the petitioners assert are either void or voidable because of the abridgment of constitutional rights. Tenn. Code Ann. § 40-30-103; Hickman, 153 S.W.3d at 20. The imposition of an automatic life sentence has been found not to be arbitrary or irrational in violation of the equal protection clause. See State v. Ray, 880 S.W.2d 700 (Tenn. Crim. App. 1993). The legislature is authorized to set and define applicable punishments. See Tenn. Const. article II, § 2. As noted by the trial court, imposition of a statutory minimum sentence by a trial judge is not violative of constitutional principles. See Apprendi, 530 U.S. at 439.

The Petitioner's lawful sentence has not expired, and the sentencing court had jurisdiction and authority to enter the judgment against him. Because the petition did not state a cognizable claim for habeas corpus relief, summary dismissal was proper.

**Conclusion**

For the reasons stated herein, we conclude that the Davidson County Criminal Court did not err by summarily dismissing the habeas corpus petition. The judgment is affirmed.

DAVID H. WELLES, JUDGE