IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 14, 2011

## STATE OF TENNESSEE v. KEITH LONELL RICHARDSON

**Appeal from the Criminal Court for Davidson County**
**No. 2010-I-436       Monte Watkins, Judge**

_____

**No. M2011-00034-CCA-R3-CD - Filed September 30, 2011**

_____

Dissatisfied with his conviction of aggravated assault, the defendant, Keith Lonell Richardson, appeals the trial court's denial of his motion to withdraw his guilty plea, arguing that he should have been permitted to withdraw his plea to correct a manifest injustice. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Jeffrey A. Devasher, Assistant District Public Defender (on appeal); and Latasha Thomas and Katie Weiss, Assistant District Public Defenders (at trial), for the appellant, Keith Lonell Richardson.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, Tennessee, for the appellee, State of Tennessee.

**OPINION**

Charged via criminal information with the aggravated assault of Dellaina C. Wheatley, the defendant pleaded guilty as charged on May 11, 2010, in exchange for a sentence of three years to be served on supervised probation.[1] The State summarized the

_____

[1]In its order denying the defendant's motion to withdraw his guilty plea the trial court stated that the defendant was sentenced to three years' community corrections. Both the judgment form and the guilty plea

(continued...)

factual basis for the conviction at the guilty plea submission hearing:

> In [the defendant's] matter, the State's witnesses would be available to testify – particularly Ms. Wheatley, who I mentioned earlier – would be available to testify that, on March [27, 2010], that she and the [d]efendant, who have children together, got into a[n] argument, and one thing led to another; that he became very upset and went outside and shot out the tires on the vehicle, as she was trying to leave – that occurred on Fourteenth Avenue, North, here in Davidson County, Tennessee – causing her to fear for her safety, at that time and place.

On June 8, 2010, the defendant moved the trial court for permission to withdraw his plea pursuant to Rule 32(f) of the Tennessee Rules of Criminal Procedure. At the hearing on the defendant's motion, Ms. Wheatley testified that the information contained in the warrant she signed for the defendant's arrest was "[n]ot completely" true. She admitted that the defendant told her, "I'm tired of this shit. You ain't going nowhere," before he "shot the tires out" of her vehicle while she stood nearby. She claimed, however, that she was not afraid the defendant would hurt her but rather that "one of us will get hurt." Ms. Wheatley admitted that despite telling officers she wanted "no part[]" of prosecuting the case against the defendant, she swore out a warrant against the defendant.

The defendant testified that he pleaded guilty to the charged offense because it was his "impression" that he "had to plead guilty" because he had been "caught redhanded." He added that his inability to afford private counsel also contributed to his decision to enter the guilty plea. He said that he answered the questions truthfully at the plea submission hearing, but he claimed that he should not have said he was guilty because he was "not really" guilty of assaulting Ms. Wheatley. He decided to request withdrawal of his plea after talking to Ms. Wheatley.

At the conclusion of the hearing, the trial court took the motion under advisement. Later, in a written order, the trial court denied the defendant's motion, finding that the defendant had failed to establish that a manifest injustice would result unless he was allowed to withdraw his plea. Specifically, the trial court concluded that "the defendant's plea was entered voluntarily, understandingly, and intelligently" and that the testimony

---

[1](...continued)
transcript indicate, however, that the defendant was sentenced to three years' supervised probation pursuant to a plea agreement with the State.

presented at the motion hearing "corroborated the basic underlying facts of the sworn affidavit and statement of facts presented" during the plea colloquy.

In this appeal, the defendant contends that the trial court erred by denying his motion to withdraw the guilty plea, claiming that allowing the conviction to stand will result in a manifest injustice given the inaccuracy of the information contained in the warrant and factual statement provided at the plea submission hearing. The State asserts that the defendant has failed to establish that withdrawal of his plea is necessary to prevent a manifest injustice.

Rule 32(f) of the Tennessee Rules of Criminal Procedure provides that "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). The term "manifest injustice" is not defined either in the rule or in those cases in which the rule has been applied. Trial courts and appellate courts must determine whether manifest injustice exists on a case by case basis. *See State v. Crowe*, 168 S.W.3d 731, 741-42 (Tenn. 2005) (recognizing absence of definition for manifest injustice and citing examples of circumstances warranting withdrawal); *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). The defendant has the burden of establishing that a plea of guilty should be withdrawn to prevent manifest injustice. *Turner*, 919 S.W.2d at 355.

To determine whether the defendant should be permitted to withdraw his guilty plea to correct a manifest injustice, a court must scrutinize carefully the circumstances under which the trial court accepted the plea. An analysis of the plea submission process under Tennessee Rule of Criminal Procedure 11(b) facilitates an inquiry into the existence of manifest injustice. *See generally State v. McClintock*, 732 S.W.2d 268 (Tenn. 1987) (for rules concerning acceptance of guilty pleas); *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977) (same). Tennessee courts have allowed the withdrawal of guilty pleas to prevent manifest injustice when

> (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

*Crowe*, 168 S.W.3d at 742 (footnotes omitted). Courts have also found that manifest injustice resulted from the trial court's failure to advise a defendant of the appropriate sentencing range, to apply the appropriate sentencing statute, or to inform a defendant of the consequences flowing from the guilty plea. *See State v. Nagele*, ___ S.W.3d ___, No. E2009-01313-SC-R11-CD (Tenn. Aug. 25, 2011). A guilty plea, however, should not be withdrawn merely because the defendant has had a change of heart, *Crowe*, 168 S.W.3d at 743; *see also Ray v. State*, 451 S.W.2d 854, 856 (1970), nor should a defendant's dissatisfaction with an unexpectedly harsh sentence be sufficient justification for a withdrawal, *Crowe*, 168 S.W.3d at 743; *see also Clenny v. State*, 576 S.W.2d 12, 15 (Tenn. Crim. App. 1978).

The transcript of the guilty plea submission hearing establishes that the defendant was aware of the nature of the charge against him, the potential punishment, and the constitutional rights that would be waived by virtue of his pleading guilty. The defendant also agreed to the facts of the offense as recited by the State and agreed that he was guilty of the offense. Ms. Wheatley's post-plea change of heart does not alter the voluntariness of the defendant's plea. The defendant, who was obviously present during the altercation with Ms. Wheatley and aware of the circumstances surrounding the offense, admitted at the motion hearing that he was "caught red handed" at the scene with the shotgun he had used to shoot out the tires of Ms. Wheatley's vehicle. The defendant confirmed that he was adequately apprised of the charges against him and the consequences of pleading guilty. Under these circumstance, the defendant has failed to establish that withdrawal of his guilty plea is necessary to correct a manifest injustice.

Accordingly, the judgment of the trial court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE