IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs at Knoxville December 15, 2015


**MARIO HAWKINS v. MICHAEL PARRIS, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 14CR10019     R. Lee Moore, Jr., Judge**

_____


**No. W2015-00775-CCA-R3-HC  -  Filed January 12, 2016**
_____


Petitioner, Mario Hawkins, was convicted of first degree murder in 1996.  On December 31, 2014, he filed a petition for writ of habeas corpus, alleging that his judgment was void because he was not granted pretrial jail credits.  The habeas corpus court summarily dismissed the petition based on petitioner's failure to follow the documentary requirements of the habeas corpus statutes.  Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Mario Hawkins, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel, for the Appellee, State of Tennessee.


**OPINION**

Petitioner was convicted of first degree murder in 1996.  His direct appeal and post-conviction proceedings did not inure to his benefit.  *See Mario Hawkins v. State*, No. M2000-02901-CCA-R3-CD, 2002 WL 1768995 (Tenn. Crim. App. July 31, 2002), *perm. app. denied* (Tenn. 2002); *State v. Mario Hawkins*, No. 01C01-9701-CR-00014, 1998 WL 352095 (Tenn. Crim. App. 1998), *perm. app. denied* (Tenn. 1999).  On December 31, 2014, he filed a petition for habeas corpus relief, alleging that his sentence was illegal

because the trial court did not award the pretrial jail credits to which he was entitled. He attached a judgment document to his petition that did not have a stamp-filed or entry date. The habeas corpus court gave petitioner time to file additional documents to support his claim but eventually dismissed the petition after petitioner did not submit any further documentation.

"[T]he grounds upon which habeas corpus relief will be granted are narrow." *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004) (citing *Dixon v. Holland*, 70 S.W.3d 33, 36 (Tenn. 2002)). Habeas corpus relief is available to a petitioner only in the limited circumstances when the judgment is void on its face or the petitioner's sentence has expired. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). "'A void judgment is one in which the judgment is facially invalid because the court did not have the statutory authority to render such judgment.'" *Id.* (quoting *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). Conversely, a voidable conviction or sentence appears facially valid and requires the introduction of proof beyond the face of the record or judgment to determine its deficiency. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999) (citing *Dykes*, 978 S.W.2d at 529). The proper method for attacking a voidable judgment is by a petition for post-conviction relief, not habeas corpus. *Id.* (citing *State v. McClintock*, 732 S.W.2d 268, 272 (Tenn. 1987)). The court's decision with respect to a petition for a writ of habeas corpus is a question of law that we review de novo without a presumption of correctness. *Hart*, 21 S.W.3d at 903.

In habeas corpus proceedings, a petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). A habeas corpus court may summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if the face of the record or judgment fails to indicate that the convictions or sentences are void. Tenn. Code Ann. § 29-21-109; *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Tennessee Code Annotated section 29-21-107(a) provides that habeas corpus petitions must be signed and verified by affidavit. This statute further requires the petition to state:

(1)     That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2)     The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal

process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3)     That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4)     That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

Tenn. Code Ann. § 29-21-107(b).

The habeas corpus court summarily dismissed the petition because of petitioner's failure to attach documentation to support his claim that he should have been awarded pretrial jail credit. Our review of the record supports the habeas corpus court's decision. However, we must also note that the Tennessee Supreme Court has recently ruled that the failure to award pretrial jail credits does not render a sentence illegal. *State v. Adrian R. Brown*, __ S.W.3d __, __, No. E2014-00673-SC-R11-CD, 2015 WL 7748275, at *9 (Tenn. Dec. 2, 2015). The court stated, "Although pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated." *Id.* Therefore, petitioner is not entitled to habeas corpus relief.

## CONCLUSION

Following our review of the briefs of the parties, the applicable law, and the record, we affirm the judgment of the habeas corpus court.

_____
ROGER A. PAGE, JUDGE