IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 20, 2016

## STATE OF TENNESSEE v. CHRISTOPHER CLIFTON

**Appeal from the Criminal Court for Knox County**
**No. 105231   Bobby R. McGee, Judge**

_____

**No. E2015-02307-CCA-R3-CD – Filed March 3, 2017**

_____

Defendant, Christopher Clifton, was charged with aggravated assault with a deadly weapon.  Subsequently, Defendant entered a guilty plea to aggravated assault as a Range I standard offender.  The State recommended and the trial court imposed a four-year sentence at thirty percent with the ability to apply for probation.  On appeal, Defendant argues that the trial court erred by denying his motion to withdraw his guilty plea based on his assertion that the plea was not voluntarily or knowingly entered.  After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Gerald L. Gulley, Jr. (on appeal) and Lance K. Baker (at motion to withdraw hearing), Knoxville, Tennessee, for the appellant, Christopher Clifton.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Charme Allen, District Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

I.     **Background**

*Guilty Plea Submission Hearing*

The following facts were stipulated to underlying Defendant's guilty plea conviction.  Despite the victim's request, the Defendant refused to leave the victim's residence.  Eventually, Defendant left the residence but returned with a knife.  He struck

the victim with his fist and cut him below the ear and under his chin with the knife. The knife wound caused "great injury" to the victim. The victim was hospitalized due to the attack.

Defendant testified that although he was taking seizure medication, he was not under the influence of any other medications or drugs that could "impair [his] ability to understand what's going on around [him]." Defendant also testified that he knew his conviction would appear on his record and enhance possible future convictions. He acknowledged that he was only applying for probation and had no guarantee of receiving probation. Defendant stated that he reviewed his guilty plea agreement with trial counsel, understood the agreement, and signed the agreement. He testified that he was waiving his right to a jury trial, his right to plead not guilty, his right to present a defense, his right to confront witnesses, his right to remain silent, and his right to grand jury review by pleading to the information. He also testified that he was not threatened to plead guilty, that he was guilty, and that he was satisfied with trial counsel's representation. Defendant did not have any questions for the trial court after giving his testimony.

At the conclusion of the colloquy, the trial court accepted Defendant's guilty plea and set a date for the application for probation hearing. Following the guilty plea submission hearing, trial counsel withdrew from representation and the trial court appointed new counsel. At the application for probation hearing, the trial court denied the application and sentenced Defendant to four years in confinement as a Range I offender. After the application denial, Defendant filed a motion to withdraw his guilty plea.

*Withdrawal of Guilty Plea Hearing*

In Defendant's motion to withdraw his guilty plea, Defendant argued that he should be allowed to withdraw his guilty plea because he suffered from a stroke two years prior; although he had previously pled guilty to driving under the influence and had "numerous non-violent misdemeanor charges," he had "never faced a felony charge of this nature or magnitude"; and he was on Supplemental Security Income due to "persistent seizures, memory loss, and overall disability following" surgery in 2011. He contended that because of the aforementioned circumstances, his plea was unknowing and involuntary.

Trial counsel testified that he spoke with Defendant about mental health issues the Defendant may have had prior to the guilty plea submission. Trial counsel stated that Defendant had brain trauma, previously had suffered a stroke, suffered from depression, had some memory issues, and was unable to "completely understand what was going on" at times. Trial counsel acknowledged that he never had a mental health evaluation

- 2 -

conducted for Defendant. He stated that Defendant was able to understand "right from wrong" and the criminal justice system, which trial counsel characterized as "key indicators" that demonstrated that Defendant did not need a mental health evaluation. Trial counsel testified that even in hindsight, he did not believe that Defendant needed a mental health evaluation. He also testified that Defendant did not ask to be evaluated. He stated that he spoke with Defendant's mother several times about the "nature of the case." Although trial counsel did not know the reason, trial counsel stated that Defendant's mother was the payee of Defendant's Supplemental Security Income.

On cross-examination, trial counsel testified that he told Defendant to be "completely comfortable" before making a decision on whether to plead guilty, especially considering that Defendant was released on bond. Trial counsel stated that he discussed with the Defendant the waiver of rights form, which he believed Defendant understood. He also stated that he did not have any reason to believe Defendant did not comprehend what was occurring at the plea hearing.

At the conclusion of the hearing, the trial court found that "there does not appear to be any real basis for believing that he was, in any way, deprived of his ability to understand what was going on." The trial court also found that although Defendant suffered from seizures related to his stroke and depression, these conditions did not rise to the level of "a cognitive defect" that would have prevented him from understanding the proceedings. The trial court noted that Defendant had extensive experience within the criminal justice system, finding that Defendant had multiple charges and convictions. The trial court found that Defendant failed to present any proof of a mental defect or disorder that would have rendered his plea involuntary or unknowing. Ultimately, the trial court denied Defendant's motion to withdraw his guilty plea.

## II.      Analysis

Defendant contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea because his plea was involuntarily made, arguing that he was not mentally competent to enter a plea and that the trial court failed to comply with the requirements of Tennessee Rule of Criminal Procedure 11 and *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). We disagree.

The withdrawal of a plea of guilty is governed by Rule 32(f) of the Rules of Criminal Procedure. This rule provides that "[a]fter sentence is imposed but before the judgment becomes final, the court may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice." Tenn. R. Crim. P. 32(f)(2). The term "manifest injustice" is not defined either in the rule or in those cases in which the rule has been applied. Trial courts and appellate courts must determine

whether manifest injustice exists on a case by case basis. *See State v. Crowe*, 168 S.W.3d 731, 741-42 (Tenn. 2005) (recognizing absence of definition for manifest injustice and citing examples of circumstances warranting withdrawal); *State v. Turner*, 919 S.W.2d 346, 355 (Tenn. Crim. App. 1995). The defendant has the burden of establishing that a plea of guilty should be withdrawn to prevent manifest injustice. *Id*.

To determine whether the defendant should be permitted to withdraw his guilty plea to correct manifest injustice, a court must scrutinize carefully the circumstances under which the trial court accepted the plea. An analysis of the plea submission process under Tennessee Rule of Criminal Procedure 11(b) facilitates an inquiry into the existence of manifest injustice. *See generally State v. McClintock*, 732 S.W.2d 268 (Tenn. 1987) (for rules concerning acceptance of guilty pleas); *Mackey*, 553 S.W.2d 337, *superseded on other grounds by rule as stated in State v. Wilson*, 31 S.W.3d 189, 193 (Tenn. 2000). Tennessee courts have allowed the withdrawal of guilty pleas to prevent manifest injustice when,

> (1) the plea "was entered through a misunderstanding as to its effect, or through fear and fraud, or where it was not made voluntarily"; (2) the prosecution failed to disclose exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and this failure to disclose influenced the entry of the plea; (3) the plea was not knowingly, voluntarily, and understandingly entered; and (4) the defendant was denied the effective assistance of counsel in connection with the entry of the plea.

*Crowe*, 168 S.W.3d at 742 (footnotes omitted). A guilty plea, however, should not be withdrawn merely because the defendant has had a change of heart. *Id.* at 743.

The law is well established that a guilty plea may be withdrawn if it was not knowingly, voluntarily, and understandingly made. A plea that is the product of "ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats" is not voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). "[T]he core requirement of *Boykin* is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary.'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975)). When examining the voluntariness of a guilty plea, a reviewing court must consider the age of the defendant, the defendant's familiarity with the criminal justice system, the reasons for his decision to plead guilty, and whether the defendant was given ample opportunity to confer with counsel about all options available to him. *Id.* at 904. Further, before a plea may be considered knowingly and voluntarily entered, the defendant must be informed of

the rights and circumstances involved and nevertheless choose to waive or relinquish those rights. *Mackey*, 553 S.W.2d at 340.

In this case, the record demonstrates Defendant's guilty plea was voluntarily entered, and withdrawal of the plea was not necessary to correct manifest injustice. Defendant concedes in his brief that

> no medical records or records from the Social Security Administration were introduced, nor was any other objective proof [] adduced, that the Defendant had a mental condition that would have prevented him from understanding that he was changing his plea from not guilty to guilty, or would have prevented him from knowingly or voluntarily changing his plea. Nor were any witnesses called by the Defendant to put on any such proof.

Defendant believes, however, that the trial court's knowledge of Defendant's use of seizure medication and receipt of Supplemental Security Income should have led the trial court to *sua sponte* investigate Defendant's mental competency. Defendant testified at the plea colloquy that despite his seizure medication, he was fully capable of understanding and appreciating the effect of pleading guilty. Trial counsel testified that he found no reason to believe Defendant was not mentally competent to enter a guilty plea. Further, the trial court, in its denial of the motion to withdraw the guilty plea, found that Defendant failed to present evidence of mental incompetency. Accordingly, we hold that the trial court properly denied Defendant's motion on the basis of competency.

For the first time on appeal, Defendant argues that the trial court failed to comply with the requirements of *Mackey* and Rule 11 because it did not inform Defendant that his answers at the guilty plea submission hearing could be used against him in a prosecution for perjury. Issues raised for the first time on appeal are generally waived. *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996); *see* Tenn. R. App. P. 36. As such, we hold that Defendant waived review of this issue.

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE